395 S.E.2d 513

**STATE of West Virginia ex rel. Eugene BLAKE**

**v.**

**Honorable Robert G. CHAFIN, Judge of the Circuit Court of Wayne County.**

**No. 19362.**

Supreme Court of Appeals of West Virginia.

July 11, 1990.

that in the present case the relief granted by the    trial court conforms to the agreement.

Marjorie Martorella, Martorella & Martorella, Huntington, for Eugene Blake.

David A. Lycan, Ceredo, for Robert G. Chafin.

WORKMAN, Justice:

This is a petition for writ of mandamus wherein the petitioner, Eugene Blake, seeks to compel the Honorable Robert G. Chafin, Judge of the Circuit Court of Wayne County, to consider and decide the petitioner's post-conviction habeas corpus petition on its merits. We agree that petitioner is entitled to a ruling on the merits and grant the petitioner's writ of mandamus.

1. Defendant filed a petition for appeal of this conviction, and the Supreme Court of Appeals unanimously refused to grant it in May 1987.

2. West Virginia Code § 61–11–18 provides in pertinent part that "[w]hen it is determined, ... that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

Eugene Blake was convicted of breaking and entering in Cabell County, West Virginia, in 1966, and murder in the first degree in Wayne County in March, 1968. He was sentenced to life without mercy for the murder conviction. On December 28, 1976, the Governor of West Virginia commuted his sentence to life imprisonment with mercy, and he was subsequently paroled. On October 17, 1985, he was convicted in Ohio County, West Virginia, of murder in the first degree [1] and two counts of sexual assault in the third degree. The State filed a recidivist action on October 25, 1985, based on the 1966 and 1968 convictions and one of the 1985 sexual assaults in the third degree, and sought to have the petitioner sentenced to life imprisonment in accordance with W.Va.Code § 61–11–18 (1943).[2]

On October 29, 1985, the petitioner was sentenced to life imprisonment without mercy for the 1985 first degree murder and was also sentenced to one to five years for the sexual assault in the third degree which was not the subject of the recidivist charge, such sentences to be served consecutively. The petitioner was convicted on the recidivist charge and was sentenced on December 12, 1985, to life imprisonment, such sentence to run consecutive to the sentences on the other two 1985 felony convictions.

In 1987, the petitioner filed a Petition for Habeas Corpus Ad Subjiciendum in the Circuit Court of Wayne County pursuant to W.Va.Code § 53–4A–1 (1967) [3] challenging his 1968 conviction for first degree murder. Petitioner's bases for seeking habeas corpus relief included prejudicial political sentiment at trial because of a current election for judge; refusal to change venue because of publicity; use of a special prosecutor hired by the victim's family; petitioner be-

3. West Virginia Code § 53–4A–1 provides in pertinent part:

(a) Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render his conviction or sentence void under the Constitution of the United States or the Constitution of this State, or both, ... may, ... file a petition for writ of habeas corpus ad subjiciendum, and prosecute the same, ...

ing led into the courtroom in shackles; lurid autopsy slides shown to jury that were three times lifesize; victim's blood saturated undergarments shown to jury; use of a Pendry instruction; improper use of an instruction regarding burden of proof for insanity; perjured testimony of cellmates; and admission of fingerprint evidence that had been concealed from defense prior to trial. On August 2, 1988, the circuit court determined that the petition was "not proper for consideration by the court at this time in light of the defendant's prior incarceration under a conviction, which is a valid conviction at this time, from the Circuit Court of Ohio County, ..." The court went on to explain

> that the law is if a person is incarcerated under two convictions, one of which is valid, then no relief can come under habeas corpus.

> The United States Court has stated that where a defendant is basically sentenced under two sentences, one of which is good, then the reviewing court need not pass on the validity of the other.

> There are, of course, some exceptions to this rule, that being where there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's rights to parole or expose him to substantial risk of adverse collateral consequences.

> The court does not see that this case would meet this exception because it can have nothing to do with his parole, since he will never be eligible for parole, and the court does not see any exposure to substantial risk of adverse collateral consequences.

In the October 14, 1988 order, the circuit court dismissed petitioner's habeas corpus petition, finding that the petitioner was already incarcerated in the West Virginia Penitentiary for life without mercy and would never be eligible for parole even if he was granted habeas corpus relief.

■ We find that pursuant to W.Va. Code § 53–4A–1 the circuit court was under a duty to hear and determine the petitioner's writ of habeas corpus on the merits and to pass upon all grounds in fact or law relied upon by the petitioner. The validity of the first degree murder conviction in Wayne County is of particular importance to the petitioner by virtue of the fact that such conviction was part of the foundation for the recidivist action in Ohio County on which he currently is serving a life sentence.

When the petitioner's habeas corpus petition came on for hearing, the lower court apparently relied upon the concurrent sentence rule as enunciated in *United States v. Truong Dinh Hung,* 629 F.2d 908 (4th Cir.1980).[4] One of the issues before the court in that case was the defendants' convictions for espionage, for which each defendant was sentenced to fifteen years, and the defendants' convictions for three other counts including a violation of the theft-of-government-property statute for which each defendant was sentenced to five years for each count. All the above sentences were to run concurrently. *Id.* at 931. Consequently, the government argued that if the court affirmed the defendants' convictions on any of the other counts, with the exception of the theft-of-government-property counts, there was no reason for the court to consider the contentions raised by the appellants regarding that conviction. *Id.*

Ultimately, the court, agreeing with the government's argument, did indeed rely upon the concurrent sentence rule to bar review of the theft-of-government-property counts under which the defendants were convicted. Particularly, the court held that

> [t]he concurrent sentence rule provides that where a defendant receives concurrent sentences on plural counts of an indictment and where the conviction on one count is found to be good, a reviewing court need not pass on the validity of

---

4. Although the court did not refer to this case by name on the record, the cite to the case was found in the side margin of the court reporter's notes. The petitioner states in his memorandum in support of the writ of mandamus that the circuit judge made the reference off the record to the specific page number containing the portion of the case to which he was referring.

the defendant's conviction on another count ... [as long as] there is no substantial possibility that the unreviewed conviction will adversely affect the defendant's right to parole or expose him to a substantial risk of adverse collateral consequences.

*Id.* (footnote omitted) (citing *Benton v. Maryland,* 395 U.S. 784, 791–92, 89 S.Ct. 2056, 2061, 23 L.Ed.2d 707 (1969)). The court went on to conclude that there was "no substantial likelihood of adverse effect on defendants' possible parole rights or of other adverse collateral consequences arising out of the failure to review the convictions under [the theft-of-government-property statute]...." *Id.* at 932.

While it is evident that the lower court followed the application of the concurrent sentence rule as set out in *Truong Dinh Hung,* it is clear that West Virginia has not adopted this rule and we refrain from doing so at this time. We base our decision, in part, on the decision of the United States Supreme Court handed down in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In that case, the defendant was convicted for both burglary and larceny and concurrently sentenced to fifteen years and five years respectively. *Id.* at 786, 89 S.Ct. at 2058. The issues before the Supreme Court on appeal would have only affected the larceny conviction; hence, the valid burglary conviction remained. Consequently, the Court had to wrestle with whether the existence of the remaining valid concurrent sentence for burglary removed "the necessary elements of a justiciable controversy." *Id.* at 788, 89 S.Ct. at 2059. The Maryland Court of Special Appeals declined to apply the concurrent sentencing rule as did the Supreme Court. *Id.* at 792, 89 S.Ct. at 2061.

While not abrogating the rule, the Court in dicta did question the rationale for the rule by stating that "[o]ne can search through [the cases involving the concurrent sentencing rule previously before this Court] ... without finding any satisfactory explanation for the concurrent sentence doctrine." *Id.* at 789, 89 S.Ct. at 2060. The Supreme Court, however, held that:

We cannot ... say that this Court lacks jurisdiction to decide petitioner's challenge to his larceny conviction. It may be that in certain circumstances a federal appellate court, as a matter of discretion, might decide ... that it is 'unnecessary' to consider all the allegations made by a particular party. The concurrent sentence rule may have some continuing validity as a rule of judicial convenience. That is not a subject we must canvass today.... It is sufficient for present purposes to hold that there is no jurisdictional bar to consideration of challenges to multiple convictions, even though concurrent sentences were imposed.

*Id.* at 791, 89 S.Ct. at 2060–61.

Therefore, we hold that although there may be occasions where the validity of one sentence has been upheld in review and the review of a separate conviction will not alter the circumstances of a defendant's confinement, a defendant is still entitled to a ruling on the merits when post-conviction habeas corpus relief is sought. A court cannot summarily dismiss a petition relying upon the concurrent sentence rule, since we refuse to adopt that rule.

█ When a court takes jurisdiction of a habeas corpus petition in West Virginia, that court is to "hear and determine any contention or contentions and to pass upon all grounds in fact or law relied upon in support thereof ..." W.Va.Code § 53–4A–1(a) (1967). However, we have held that:

A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

The circuit court here, however, did not consider the various contentions raised and the law relied upon by petitioner. Rather, the court summarily dismissed the petition,

declining to consider the petition on its merits on the basis of the concurrent sentencing rule, and found that the petitioner was not entitled to habeas corpus review because he was serving another life sentence. By summarily dismissing the petition, the circuit court did not give the petitioner the due consideration he was warranted under state law. W.Va.Code § 53–4A–1 "contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not been fully and fairly litigated." *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606, 609 (1981).

■ Further, we determined in *Losh,* that

[a]n omnibus habeas corpus hearing as contemplated in *W.Va.Code,* 53–4A–1 *et seq.* [1967] occurs when: (1) an applicant for habeas corpus is represented by counsel or appears *pro se* having knowingly and intelligently waived his right to counsel; (2) the trial court inquires into all the standard grounds for habeas corpus relief; (3) a knowing and intelligent waiver of those grounds not asserted is made by the applicant upon advice of counsel unless he knowingly and intelligently waived his right to counsel; and, (4) the trial court drafts a comprehensive order including the findings on the merits of the issues addressed and a notation that the defendant was advised concerning his obligation to raise all grounds for post-conviction relief in one proceeding.

166 W.Va. at 763–764, 277 S.E.2d at 607–08, Syl. Pt. 1. We find that the circuit court did not provide the habeas corpus hearing contemplated under W.Va.Code §§ 53–4A–1 to –11.

Although this particular defendant's legal history makes it highly unlikely that habeas corpus relief on the conviction in question would affect his condition of confinement for the remainder of his natural life, it is virtually impossible to fashion a concurrent sentence rule which would not have the potential of depriving some criminal defendant of a meaningful opportunity to be heard in habeas corpus where parole, pardon, or commutation might effectively alter his condition of confinement as to the already reviewed conviction. Consequently, it is a better practice to make a substantive ruling on the merits in all habeas corpus petitions.

We therefore grant a writ of mandamus and direct the Circuit Court of Wayne County to consider and decide the petitioner's habeas corpus petition on the merits.

Writ granted.