601 S.E.2d 18

**Judson WHITE, Petitioner Below, Appellant,**

v.

**William HAINES, Warden, Respondent Below, Appellee.**

No. 31056.

Supreme Court of Appeals of West Virginia.

Submitted: Jan. 14, 2004.

Filed: March 15, 2004.

McGraw, J., filed a concurring opinion.

Jason E. Huber, Esq., Forman & Huber, Charleston, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Dawn E. Warfield, Deputy Attorney General, Charleston, for Appellee.

PER CURIAM.

The appellant Judson White appeals the Kanawha County Circuit Court's order denying the appellant's petition for a second habeas corpus hearing. In his appeal to this Court, the appellant argues that the circuit court erred in applying the "concurrent sentence rule" to deny the appellant's petition. The appellant also argues that he is entitled to a second habeas hearing because the cir-

cuit court failed to make a finding of competency on the record in relation to the appellant's 1986 convictions. We affirm the circuit court's order denying the appellant's petition for a second habeas corpus hearing.

## I.

In December of 1985, Judson White, the appellant, was arrested on two felony counts of forgery and uttering and released on bond. On January 8, 1986, the appellant was arrested on an additional felony charge of forgery; he posted bond the same day.

While these charges were pending, the appellant was again arrested on April 12, 1986, for breaking and entering and public intoxication, and again, he was released on bond. The appellant waived his right to a preliminary hearing and the appellant was held over to the grand jury for indictment.

On April 28, 1986, pursuant to a motion made by appellant's counsel in the appellant's most recent cases—breaking and entering and public intoxication, the circuit court sent the appellant to Weston State Hospital's Forensic Unit for a twenty-day mental status evaluation[1] of the appellant's criminal responsibility and competency to stand trial on the "21 pending charges alleged to have occurred before 4/12/86," including "tampering with an auto, forgery, uttering, and possession of stolen property."

While at Weston, psychologist E. Rick Beebe, Ph.D. interviewed the appellant and administered psychological tests on the appellant. Dr. Beebe evaluated whether the appellant was criminally responsible for the crimes with which the appellant had been accused. In his report, Dr. Beebe found that the appellant was "able to differentiate right and wrong in both a concrete [lie, steal, cheat, kill], and abstract sense" and that the appellant understood the wrongness of his actions. According to Dr. Beebe, the appellant "has major addictive problems" and that the appellant had "developed a business-like approach to securing needed funds."

Dr. Beebe also evaluated the appellant's competency to stand trial. Specifically, Dr. Beebe found that the appellant was able to name the crimes with which the appellant had been charged and to describe those charges in "practical detail," that the appellant understood the court system, was able to participate in his own defense, and "identified the practical consequences" of pleading guilty or going to trial.

In his May 1986 report presented to the circuit court in the appellant's breaking and entering and public intoxication cases, Dr. Beebe concluded that appellant was both competent to stand trial and criminally responsible for the crimes with which he was charged. The circuit court received the written report of Dr. Beebe and distributed copies of the report to counsel of record in the appellant's breaking and entering and public intoxication case.

During its May 1986 term, a Kanawha County Grand Jury returned an indictment charging the appellant with having committed ten counts of forgery and ten counts of uttering of checks and money orders prior to February 1986. And, in November 1986, a Kanawha County Grand Jury indicted the appellant on one count of entering without breaking and one count of breaking and entering for offenses committed in April 1986.

The appellant with the assistance of counsel entered into a written plea agreement with the prosecutor's office, attempting to bring to conclusion all pending charges. In

---

1. Under *W.Va.Code*, 27–6A–1(b) [1983], a court of record can order a criminal defendant to a mental health facility for up to twenty days of observation to "determine whether mental illness, mental retardation or addiction have so affected a person that he is not competent to stand trial or not criminally responsible for the crime or crimes with which he has been charged."

While housed in the mental health facility, *W.Va.Code*, 27–6A–1(c) requires that the criminal defendant be examined by two psychiatrists or one psychiatrist and one psychologist. *W.Va. Code*, 27–6A–1(c) also requires the criminal defendant's evaluators to issue to the court of record a written report with findings evaluating the criminal defendant's criminal responsibility and competency to stand trial.

After receiving the mental health evaluators' report, *W.Va.Code*, 27–6A–1(d) further requires that the court of record make a finding concerning the criminal defendant's competency to stand trial.

the plea agreement, the appellant pled guilty to five counts of forgery and five counts of uttering. Pursuant to a motion for *nolle prosequi* by the prosecutor's office, the circuit court dismissed the remaining five counts of forgery and five counts of uttering, and dismissed the one count of entering without breaking and the one count of breaking and entering.

On November 19, 1986, in accepting the appellant's plea, the circuit court discussed with the appellant the consequences of pleading guilty.[2] The circuit court then accepted the appellant's plea and adjudged the appellant guilty of the five counts of forgery and five counts of uttering. Sentencing was deferred.

At a hearing on January 20, 1987, appellant's counsel made a motion to withdraw the appellant's guilty plea to the forgery and uttering charges. The appellant asserted that he was innocent of several of the charges and wished to proceed to trial. The circuit court found that the appellant had entered his plea voluntarily and knowingly, and denied the appellant's motion.

Subsequently, in April 1987, the circuit court sentenced the appellant to five consecutive indeterminate terms of one to ten years for the five forgery charges and five indeterminate terms of one to ten years for the five uttering charges. The uttering terms were to run concurrently with the appellant's forgery terms.

On May 16, 1988, the appellant, by counsel, appealed his convictions of five counts of forgery and five counts of uttering to this Court. In his petition, the appellant argued that the circuit court had erred in "failing to develop the record as to the appellant's competency or ability to plead" guilty when accepting the appellant's guilty plea, and that the appellant's counsel was ineffective in failing to make a record on the issue of the appellant's competency.

This Court refused the appellant's appeal petition without discussion.

While confined at the Huttonsville Correctional Center in December of 1988, the appellant filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County. In his petition, the appellant claimed that his 1986 guilty plea for the five counts of forgery and five counts of uttering was not voluntarily made, that he had ineffective assistance of counsel, and that the circuit court had erroneously denied the appellant the right to withdraw his guilty plea prior to sentencing. On January 26, 1989, the Randolph County Circuit Court denied the appellant's petition without a hearing; the appellant appealed the circuit court's dismissal of his habeas corpus petition to this Court.

This Court granted the appellant's petition and had the appellant's petition returnable to the Circuit Court of Kanawha County. The Kanawha County Circuit Court conducted an omnibus habeas corpus hearing. On August 21, 1989, the circuit court found that appellant had ineffective assistance of counsel, that the appellant's plea was involuntarily made, and that the circuit court, when sentencing the appellant for the five counts of forgery and five counts of uttering, considered a void conviction. As relief, the Kanawha County Circuit Court reduced the appellant's sentence to time served and "ordered the petitioner [appellant] be released from custody immediately."

The Huttonsville warden then filed a petition asking this Court to prohibit the circuit court from reducing the appellant's sentence to time-served and releasing the appellant from Huttonsville.[3] In *Duncil v. Kaufman,* 183 W.Va. 175, 394 S.E.2d 870 (1990), we granted the warden's writ of prohibition. In granting the writ of prohibition, this Court found that the appellant's counsel had acted effectively, that there were no grounds to

---

2. Although Dr. Beebe's psychological report was submitted to a Kanawha County Circuit Court judge, the psychological report was never submitted to the circuit court judge that accepted the appellant's guilty plea. No findings were made on the defendant's competency as required by *W.Va.Code,* 27–6A–1(d).

3. The Kanawha County Circuit Court released the appellant from Huttonsville in August of 1989 before this Court granted the warden's writ of prohibition in June of 1990.

support a finding that the appellant's plea was involuntarily given, and that the circuit court had not considered a void conviction when sentencing the appellant. A capias was issued for the appellant.

However, before the appellant could be picked up on the capias and returned to prison, the appellant was charged and convicted by a circuit court in Cabell County for breaking and entering. The defendant was returned to the penitentiary in 1991,[4] and was released on parole in December of 1994.

While on parole, in January of 1996, a Kanawha County grand jury indicted the appellant for robbing a Kanawha County bank; a jury subsequently convicted the appellant of bank robbery.

Following the appellant's bank robbery conviction, the prosecutor's office filed a recidivism information alleging that the appellant had been convicted of two prior felonies. The appellant admitted that he been convicted of two prior felonies, the 1986 forgery and uttering convictions and the 1990 Cabell County breaking and entering conviction.[5] He pled guilty to the recidivism information.

By order dated April 16, 2001, the circuit court accepted the appellant's plea and sentenced the appellant under the "recidivist statute" to not less than twenty nor more than twenty years [6] in the penitentiary and ordered the sentence to run concurrently with the appellant's 1986 forgery and uttering sentence and the appellant's 1990 breaking and entering sentence.

In April of 2002, the appellant then filed a second petition for a writ of habeas corpus challenging the appellant's 1986 convictions for five counts of forgery and five counts of uttering. In this *pro se* petition, the appel-

lant alleged that the circuit court erred in accepting the appellant's 1986 guilty plea without making a finding of competency on the record.[7]

In its May 24, 2002 order, the circuit court denied the appellant's second habeas corpus petition. In denying the appellant's second petition, the circuit court found that "the [appellant's] recent [habeas] Petition, 02–MISC–169 [challenging the appellant's 1986 conviction for five counts of forgery and five counts of uttering] is moot until such time as the sentence in the underlying criminal case [for bank robbery] is served."

With the assistance of counsel, the appellant appealed the circuit court's order to this Court. In his petition, the appellant asserts two errors. First, the appellant challenges the circuit court's use of the "concurrent sentence" rule to deny the appellant his second habeas petition. Second, the appellant argues that "the circuit court erred by failing to conduct an omnibus evidentiary hearing to retrospectively determine Mr. White's competency" when the circuit court accepted the appellant's 1986 guilty plea to five counts of forgery and five counts of uttering which were some of the underlying charges used to support the appellant's recidivist guilty plea in 2001.

II.

■ "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syllabus Point 2,

---

4. The record is unclear as to whether the appellant was returned to prison as a result of the capias issued in Kanawha County or as a result of the appellant's Cabell County conviction for breaking and entering.

5. When the appellant robbed a Kanawha County bank in January 1996, he was on parole from his 1986 and 1990 convictions.

6. The sentence for a bank robbery is an indeterminate sentence of "not less than ten nor more than twenty years[.]" *W.Va.Code,* 61–2–12(c) [2000].

Under the recidivist statute, *W.Va.Code,* 61–11–18 [2000], when a person who has previously been convicted of a felony is convicted of an additional felony with an indeterminate sentence, "the minimum term [for the additional felony] shall be twice the term of years otherwise provided for under such sentence."

In the instant case, doubling the minimum term for bank robbery from ten years to twenty years results in the seemingly odd sentence of not less twenty nor more than twenty years.

7. *See supra,* note 1.

*Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

In *State ex rel. Valentine v. Watkins*, 208 W.Va. 26, 32, 537 S.E.2d 647, 653 (2000), this Court discussed the standard for review of a circuit court's decision to grant or to deny a habeas corpus petition. "When considering whether such a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writ, courts typically are afforded broad discretion." *State ex rel. Valentine v. Watkins*, 208 W.Va. at 32, 537 S.E.2d at 653(citations omitted).

All prisoners are entitled to a habeas corpus hearing where they are given the opportunity to constitutionally challenge all the grounds underlying their conviction. *W.Va. Code*, 53–4A–1 [1967]. Criminal convicts are entitled by right to only one habeas hearing. "Our post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding[.]" Syllabus Point 1, in part, *Gibson v. Dale*, 173 W.Va. 681, 319 S.E.2d 806 (1984).

█ A circuit court may deny a habeas corpus petition without a hearing. *W.Va. Code*, 53–4A–3(a) [1971]. "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

The appellant challenges the circuit court's use of the "concurrent sentence rule" to deny the appellant a second habeas corpus hearing, and the appellant also argues that the circuit court erred in not granting the appellant a habeas hearing on the competency grounds raised by the appellant's 1986 forgery and uttering conviction.

█ First, we will address the circuit court's reasoning for denying the appellant a habeas hearing. In the circuit court's order

denying the appellant's second habeas petition, the circuit court found that, regardless of the outcome of the appellant's second habeas petition, the appellant's petition for a second habeas petition was moot until the appellant had completed his sentence for the appellant's 2001 bank robbery conviction.

█ In Syllabus Point 1 of *State ex rel. Blake v. Chafin*, 183 W.Va. 269, 395 S.E.2d 513 (1990), this Court held:

Although there may be occasions where the validity of one sentence has been upheld in review and the review of a separate conviction will not alter the circumstances of a defendant's confinement, a defendant is still entitled to a ruling on the merits when post-conviction habeas corpus relief is sought. A court cannot summarily dismiss a petition relying upon the concurrent sentence rule, since we refuse to adopt that rule.

While it may be true that even if the circuit court found in favor of the appellant on competency grounds from the 1986 conviction, the appellant would remain in prison serving out his other sentences. However, the fact that the appellant would remain in prison, after such an outcome, does not make the appellant's petition for a second omnibus hearing moot.

Looking at the circuit court's order in light of *State ex rel. Blake v. Chafin*, we find that the circuit court erred in denying the appellant's petition on concurrent sentence grounds and the appellee the State of West Virginia concedes this error.

█ Having determined that the circuit court erred in denying the appellant's petition for a new habeas hearing on concurrent sentence grounds, our analysis next turns to whether there are other grounds to support the circuit court's decision to deny the appellant a second habeas corpus hearing. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."

Syllabus Point 3, *Barnett v. Wolfolk,* 149 W.Va. 246, 140 S.E.2d 466 (1965).

■ The appellant also argues in his second habeas petition that the circuit court erred when the circuit court accepted the appellant's guilty plea in 1986 to five counts of forgery and five counts of uttering without making a finding of competency on the record. "A defendant has both a substantive and a procedural due process right to avoid being tried while mentally incompetent." *State v. Sanders,* 209 W.Va. 367, 377, 549 S.E.2d 40, 50 (2001) (citations omitted).

However, a criminal defendant only has the right to sufficient due process. In *Sanders,* we stated that for a criminal defendant to prevail on a procedural due process claim, the criminal defendant needs to demonstrate that "he or she was denied an adequate procedure for determining mental competency after the trial court was presented with evidence sufficient to prompt good faith doubt regarding incompetency." *Sanders,* 209 at 377, 549 S.E.2d at 50 (citations omitted).

■ In *Call v. McKenzie,* 159 W.Va. 191, 220 S.E.2d 665 (1975), this Court established guidelines that trial courts should follow in ascertaining whether a criminal defendant's plea of guilty is voluntarily and knowingly made. "A trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in *habeas corpus* that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights." Syllabus Point 5, *Call v. McKenzie.*

■ To be entitled to relief pursuant to a new habeas corpus petition, the appellant would need to demonstrate that the circuit court had denied the appellant "an adequate procedure" for determining the appellant's mental competency when the circuit court accepted the appellant's 1986 guilty plea. Prior to the appellant pleading guilty to the 1986 forgery and uttering charges, a psychologist [8] thoroughly examined the appellant. The psychologist found that the appellant was competent to stand trial and that the appellant was responsible for his criminal actions.

Before accepting the appellant's 1986 guilty plea for five counts of forgery and five counts of uttering, the circuit court engaged in the guidelines suggested by *Call v. McKenzie.* "[T]he trial court advised and questioned the defendant about each constitutional right he would waive by entering a guilty plea. The trial court inquired about the defendant's age and education. He responded that he was twenty-seven years of age and had a General Educational Development (G.E.D.) degree." *Duncil v. Kaufman,* 183 W.Va. at 179, 394 S.E.2d at 874.

In accepting the appellant's guilty plea, the circuit court also discussed with the appellant and his counsel whether the appellant "had ever suffered from a mental illness and whether he was under the influence of drugs, alcohol, or medication at the time of the plea hearing." *Duncil v. Kaufman,* 183 W.Va. 175, 179–180, 394 S.E.2d 870, 874–875 (1990).

To be entitled to a new habeas hearing on the basis of his alleged incompetence in 1986, the appellant would need to demonstrate that the circuit court denied him adequate due process by failing to make a determination of appellant's mental competency. Other than the written report from the Weston State Hospital in which the psychologist found the appellant to be competent, the record offers no evidence, and the appellant has failed to point to any evidence, suggesting that the appellant was incompetent when he pled guilty in 1986 to five counts of forgery and five counts of uttering. Considering the appellant's 1986 competency evaluation in com-

---

**8.** This Court recognizes and the appellee concedes that the circuit court failed to make a finding of competency on the record in accordance with *W.Va.Code,* 27–6A–1(d) [1983]. However, "[t]here is no due process right to a competency hearing where psychological evidence performed prior to trial revealed that the appellant was aware of his legal rights and able to participate in his defense." Syllabus Point 5, *State v. Garrett,* 182 W.Va. 166, 386 S.E.2d 823 (1989).

 

bination with the circuit court's *Call v. McKenzie* analysis, we find that the circuit court provided the appellant an adequate procedure for determining the appellant's mental competency.

## III.

We find that the circuit court erred in denying the appellant a habeas corpus hearing under the "concurrent sentence rule." However, we find alternative grounds exists to affirm the circuit court's order denying the appellant's second habeas corpus petition. Specifically, we find that the appellant was provided adequate due process on the issue of his mental competency prior to the appellant's pleading guilty to the 1986 forgery and uttering charges.[9] Therefore, we affirm the circuit court's order.

Affirmed.

Justice MCGRAW concurs and reserves the right to file a concurring opinion.

MCGRAW, Justice, concurring.

I concur with the majority's decision to affirm the defendant's conviction, but I write separately to highlight the cautionary tale that Mr. White's case provides. The public often accuses the judiciary of providing criminals a "revolving door" on the jailhouse— letting criminals out too soon and giving them yet another chance to break the law.

I am pleased that the Court chose to close the door on Mr. White. The record shows that Mr. White has demonstrated a total lack of ability to stay out of trouble. He was charged in December 1985 with forgery and uttering, and again in January 1986 for another forgery. He was charged in April 1986 for breaking and entering and public intoxication. A judge let him out in 1989, and he committed another breaking and entering. He went back to prison in 1991, but was paroled in 1994, after which he robbed a bank. The majority is correct in affirming

Mr. White's conviction, and preventing him from continuing his life of crime.

---

**9.** And, quite frankly, given the appellant's record of successive criminal activity, it is difficult to muster any sound reasoning for giving the appellant another bite at the apple.