# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donald Lee Taylor,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-1490** (Monongalia County 12-C-592)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donald Lee Taylor, appearing *pro se*, appeals two orders of the Circuit Court of Monongalia County. In the first order, entered September 14, 2012, the circuit court summarily denied petitioner's petition for writ of habeas corpus. In the second order, entered December 10, 2012, the circuit court denied petitioner's motion to alter or amend judgment. Respondent Warden, by counsel Andrew Mendelson, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 7, 1989, petitioner was convicted of first degree murder in the killing of Malcolm Davies. Petitioner did not deny that he was the person who inflicted multiple lethal stab wounds upon Mr. Davies. Petitioner presented a defense of provocation and justification. The jury found petitioner guilty, but recommended mercy. At a recidivist hearing on February 21, 1990, the circuit court found that petitioner had previously been convicted of burglary in the State of Florida. Consequently, the circuit court enhanced petitioner's sentence by adding five years to the minimum term, imposing a term of fifteen years to life.[1] *See* W.Va. Code § 61-11-18(a). Petitioner's direct appeal was refused on November 28, 1990.

Since the refusal of his direct appeal, petitioner has filed numerous habeas petitions and/or post-conviction actions in both state and federal court. Based on the procedural history recited by the circuit court, the instant petition is the fifth such habeas petition petitioner has filed in the

---

[1] At the time of petitioner's conviction, a defendant convicted of first degree murder with a recommendation of mercy was required to serve a minimum term of ten years before being eligible for parole. The minimum term has since been increased to fifteen years. *See* 1994 W.Va. Acts ch. 35 (amending W.Va. Code § 62-3-15).

1

circuit court.[2] For the first petition, petitioner was appointed counsel and received an omnibus habeas corpus hearing on January 8, 1992. The circuit court then denied that first petition on April 21, 1992. Petitioner also had appointed counsel with regard to his third petition. Counsel filed an amended third petition on February 15, 2002, which was subsequently denied.

Petitioner filed the instant habeas petition on August 29, 2012, alleging ineffective assistance of counsel and a lack of jurisdiction to impose sentence. On September 14, 2012, the circuit court summarily denied the petition because "the grounds and issues alleged in this [p]etition . . . have been knowingly, intelligently, and voluntarily waived by the [p]etitioner."

Petitioner filed a motion to alter or amend judgment on October 3, 2012, with regard to the circuit court's summary denial of his fifth petition for writ of habeas corpus. The circuit court required respondent to respond to the motion. Respondent filed a response on October 26, 2012. On December 10, 2012, the circuit court denied the motion to alter or amend judgment finding it to be "without merit." In denying the motion, the circuit court noted that it provided each party the opportunity to request a hearing, but that neither party did so.

On appeal, petitioner argues that the circuit court prejudicially and fundamentally erred in denying his motion to alter or amend judgment. Petitioner asserts that he did not knowingly and intelligently waive any habeas grounds because his habeas counsel was ineffective. Respondent counters that petitioner's skeletal argument with regard to ineffective assistance of habeas counsel is insufficient to preserve the issue for appeal, citing *State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Respondent argues that the doctrine of res judicata bars the instant petition and all future post-conviction litigation by petitioner because all claims have been either previously adjudicated and/or waived.

Subsequent to the filing petitioner's reply brief, he was released on parole on May 28, 2013. "'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.' Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syl. Pt. 1, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006). In *McCabe,* this Court dismissed as moot a habeas petitioner's appeal because he had been released on parole. While it has not been definitively decided that a parolee may never seek habeas corpus relief, we see no reason to finally resolve the issue in the instant case after petitioner has already had so many "bite[s] at the apple." *White v. Haines*, 215 W.Va. 698, 705 n. 9, 601 S.E.2d 18, 25 n. 9, *cert. denied*, 543 U.S. 938 (2004). Therefore, after careful consideration, this Court dismisses as moot petitioner's appeal.

Dismissed as Moot.

---

[2] The circuit court also found that petitioner filed post-conviction actions in the United States District Court for the Northern District of West Virginia in March of 1993, July of 1994, and July of 1995.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II