# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Max Arbaugh,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0397** (Pendleton County 12-C-37)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Max Arbaugh, appearing *pro se*, appeals the order of the Circuit Court of Pendleton County, entered April 1, 2013, that dismissed his sixth petition for writ of habeas corpus. Respondent warden, by counsel Benjamin F. Yancey, III, filed a summary response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1997, petitioner was indicted on twelve counts of first degree sexual assault of a minor male under the age of twelve and on twelve counts of delivery of a Schedule I controlled substance (marijuana). More specifically, the indictment alleged that on multiple occasions in 1993 and 1994, petitioner had anal intercourse with the minor, B.B., in exchange for marijuana. (B.B.'s mother was a co-defendant.) B.B. was six-years-old at the time, while petitioner was in his late thirties.

On May 22, 1997, petitioner and the State entered into a plea agreement, by which petitioner pled guilty to three counts of first degree sexual assault and to three counts of delivery of a Schedule I controlled substance. In exchange, the State agreed to dismiss the remaining counts of the indictment. The circuit court accepted petitioner's guilty pleas and subsequently imposed on petitioner an effective sentence of 45 to 105 years in prison. Petitioner filed an appeal, which this Court refused on May 20, 1998.

Petitioner filed his first petition for a writ of habeas corpus in 1999. Petitioner was appointed counsel and given an omnibus hearing on April 16, 2001. Petitioner submitted a *Losh* checklist,[1] by which he waived fourteen grounds of relief.[2] Petitioner's counsel raised—and the

---

[1] *See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

1

circuit court considered and rejected—thirty-six grounds of relief.[3] On April 27, 2001, the circuit court entered an order denying petitioner's petition. Petitioner filed an appeal, which this Court refused on January 23, 2002.

Since the denial of his first habeas petition, petitioner has filed five additional petitions that have been denied or dismissed by the circuit court. In dismissing petitioner's instant habeas petition—his sixth—the circuit court found, in pertinent part, as follows:

> 1. The Petitioner had an omnibus habeas corpus hearing as contemplated by, and complied with, West Virginia statutes and case law on April 16, 2001.
>
> *   *   *
>
> 3. Petitioner's current Habeas Petition only alleges errors which were known to the Petitioner when he filed his first Habeas Petition, or issue[s] which should have been known to Petitioner at that time if he would have exercised due diligence.
>
> 4. Repeated filings of a Habeas Corpus Petition will not result in relief

---

[2] Petitioner waived the following claims: (1) lack of jurisdiction; (2) unconstitutionality; (3) prejudicial pretrial publicity; (4) falsification of transcript by prosecutor; (5) unfulfilled plea agreement; (6) irregularities in arrest; (7) excessive and/or denial of bail; (8) no preliminary hearing; (9) illegal detention prior to arraignment; (10) irregularities or errors in arraignment; (11) challenges to the composition of grand jury or its proceedings; (12) failure to provide a copy of the indictment; (13) improper jury instructions; and (14) improper communications with jury.

[3] Petitioner raised the following claims: (1) ineffective assistance of counsel; (2) involuntary guilty plea; (3) mental competency at the time of the offenses; (4) mental competency at the time of trial; (5) coerced confession; (6) sentence more severe than expected; (7) excessive sentence; (8) indictment, on its face, showed that no offense was committed; (9) denial of the right to a speedy trial; (10) incapacity to stand trial due to drug use; (11) language barrier to understanding proceedings; (12) denial of counsel; (13) unintelligent waiver of counsel; (14) failure of counsel to appeal conviction; (15) consecutive sentences for same transaction; (16) suppression of evidence helpful to defense; (17) State's knowing use of perjury; (18) erroneous information in presentence report; (19) improper venue; (20) pre-indictment delay; (21) refusal of continuance; (22) refusal to subpoena witnesses; (23) prejudicial joinder of defendants; (24) lack of public hearing; (25) nondisclosure of grand jury minutes; (26) refusal to produce witness notes after witness has testified; (27) improper use of informants; (28) unconstitutional evidentiary rulings; (29) prejudicial statements by trial judge; (30) prejudicial statements by prosecutor; (31) insufficiency of evidence; (32) acquittal of co-defendant on same charge; (33) defendant's absence from proceedings; (34) question of actual guilt upon acceptable guilty plea; (35) mistaken advice of counsel as to parole or probation eligibility; and (36) amount of time served on sentence—credit for time served.

being granted.

Petitioner now appeals the circuit court's April 1, 2013, order dismissing the instant petition. We review a circuit court's order that dismisses a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, in Syllabus Point 2 of *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

On appeal, petitioner concedes that he has frequently filed habeas petitions that raised "the same grounds over and over," but argues that because of his low intellectual functioning, he should be appointed counsel to review his case for any constitutional errors.[4] Respondent warden counters that petitioner received both an omnibus hearing and competent counsel in his first habeas proceeding and, therefore, the dismissal of his sixth petition should be affirmed. We agree.

"While a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975); *see also White v. Haines*, 215 W.Va. 698, 705 n. 9, 601 S.E.2d 18, 25 n. 9, *cert. denied,* 543 U.S. 938 (2004) (affirming circuit court's denial of second habeas petition based on determination that petitioner was not entitled to "another bite at the apple"). Based on a review of the transcript of the April 16, 2001, omnibus hearing, this Court finds that, contrary to petitioner's contention, counsel provided him with adequate representation[5]

---

[4] *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831 (1983) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed.").

[5] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

and raised every issue petitioner wanted raised—even those issues that, in counsel's professional judgment, lacked merit. Because petitioner received both an omnibus hearing and competent counsel in his first habeas proceeding,[6] the doctrine of *res judicata* barred petitioner's instant petition. Therefore, this Court concludes that the circuit court did not abuse its discretion in dismissing petitioner's sixth habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] *See* Syl. Pt. 4, *Losh*, 166 W.Va. at 762-63, 277 S.E.2d at 608 (doctrine of *res judicata* does not bar subsequent petition based on ineffective assistance of habeas counsel).