# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edgar W. Friedrichs, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

June 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0815** (Fayette County 14-C-95)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Edgar W. Friedrichs Jr., *pro se*, appeals the order of the Circuit Court of Fayette County, entered on July 7, 2014, denying his second petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Laura Young, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2002, petitioner was convicted by a jury of one count of first degree sexual abuse and three counts of sexual abuse by a custodian. The circuit court sentenced petitioner to one to five years in prison for first degree sexual abuse and ten to twenty years for each of the sexual abuse by a custodian convictions. The circuit court ordered that the sentences be served consecutively. Petitioner filed a direct appeal to this Court, which was refused in June of 2003.

Petitioner filed his first habeas petition in 2010, alleging twenty-three grounds for relief.[1] By order entered in August of 2010, the circuit court denied the petition, but ruled on only the first thirteen grounds for relief, leaving ten grounds unaddressed. The circuit court appointed attorney Jeffrey T. Mauzy as appellate counsel for petitioner.[2] In March of 2011, Attorney Mauzy, on petitioner's behalf, filed an appeal of the denial of his first habeas petition with this Court. In late 2011, while petitioner's appeal was pending, Attorney Mauzy accepted a position as an assistant prosecuting attorney in the Fayette County Prosecuting Attorney's Office. In July

---

[1] The first habeas petition was docketed as Civil Action No. 10-C-93-H.

[2] At the time, Attorney Mauzy was engaged in private practice.

1

of 2011, the court entered an order approving Attorney Mauzy's appointed counsel fees and expense, signifying the end of his representation of petitioner.

By memorandum decision issued on June 22, 2012,[3] this Court affirmed the denial of petitioner's first habeas petition with respect to the first thirteen grounds for relief and remanded the matter to the circuit court to rule upon petitioner's remaining ten grounds for habeas relief. Upon remand, the circuit court denied the remaining ten grounds in the first petition by order entered on December 12, 2012.

The circuit court then appointed attorney Thomas Rist as appellate counsel for petitioner. Mr. Rist, on petitioner's behalf, appealed the circuit court's December 12, 2012, order to this Court. By memorandum decision issued on November 8, 2013,[4] this Court affirmed the circuit court's denial of petitioner's habeas petition with respect to all of petitioner's remaining habeas claims. The November 8, 2013, memorandum decision addressed in detail Attorney Mauzy's representation of petitioner, including his acceptance of the assistant prosecuting attorney position subsequent to filing petitioner's appeal in March of 2011 and the efforts of the Prosecuting Attorney's Office to ensure that Attorney Mauzy be "walled" off from any discussions related to petitioner's case.

In petitioner's current habeas petition – his second – his sole ground for relief is that Attorney Mauzy "was ineffective in a number of ways and even took a job in the prosecutor's office, when replaced by Attorney Rist, the Court had already refused reliefs [sic]," and that Mr. Mauzy "failed to file anything on remand[.]" As respondent correctly states, Attorney Mauzy's representation of petitioner ended before this Court issued its first memorandum decision remanding the matter to the circuit court to rule upon on the ten remaining unaddressed claims.

By order entered on July 7, 2014, the circuit court denied petitioner's current habeas petition.[5] The circuit court concluded that Attorney Mauzy was appointed solely as petitioner's appellate counsel and that his representation of petitioner ended with his filing of the appeal with this Court in March of 2011. The circuit court further concluded that petitioner was not entitled to relief because, in the first memorandum decision, this Court affirmed the circuit court's decision to not appoint petitioner habeas counsel for the purpose of filing an amended petition or for additional hearing; this Court directed only that the circuit court rule upon the unaddressed ten claims in the petition that had already been filed. Accordingly, the circuit court concluded that petitioner's second habeas petition "clearly fails to raise any discernible grounds for relief concerning Mr. Mauzy's representation of [p]etitioner which have not already been previously

---

[3] *Friedrichs v. Ballard,* No. 11-0564, 2012 WL 3055451 (W.Va. Supreme Court, June 22, 2012) (memorandum decision).

[4] *Friedrichs v. Ballard,* No. 13-0031, 2013 WL 5967036 (W.Va. Supreme Court, Nov. 8, 2013) (memorandum decision).

[5] The court also denied petitioner's motions for appointment of counsel and to proceed *in forma pauperis.*

2

and fully adjudicated, both in [the circuit court] and in [this Court]." Petitioner now appeals to this Court.

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner challenges the summary dismissal of his habeas petition without a hearing or the appointment of counsel.[6] West Virginia Code § 53-4A-7(a) provides, in part, that where a petition for writ of habeas corpus and the record "show to the satisfaction of the court that the petitioner is entitled to no relief . . . the court shall enter an order denying the relief sought" without an evidentiary hearing. Additionally, this Court has stated that,

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

As the circuit court ruled, and as respondent correctly argues to this Court, counsel cannot be ineffective when counsel does not represent petitioner. The summary dismissal of petitioner's current habeas petition was proper. Having reviewed the circuit court's order entered July 7, 2014, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

---

[6] We note that the alleged ineffective assistance of Attorney Mauzy upon remand to circuit court after our June 22, 2012, memorandum decision was the only ground for habeas relief that was presented to the circuit court. Accordingly, other issues raised in petitioner's brief will not be addressed as they were not properly before the circuit court or have been decided against him in prior proceedings.

**ISSUED:** June 12, 2015

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

# IN THE CIRCUIT COURT OF
## FAYETTE COUNTY, WEST VIRGINIA

EDGAR W. FRIEDRICHS, JR.,

        Petitioner,

vs.                                 Civil Action No. 14-C-95-H

DAVID BALLARD, Warden,

Mount Olive Correctional Complex,

        Respondent.

DANIEL E. WRIGHT    2014 JUL -7 A 8: 44    FAYETTE COUNTY CIRCUIT CLERK

# ORDER

On April 2, 2014, the Inmate Petitioner (hereinafter "Petitioner"), pro se, filed a Petition for writ of habeas corpus, thereby instituting the above-styled civil action. The Petitioner also filed pleadings captioned "Motion to Proceed *In Forma Pauperis*" and "Motion for the Court-Appointment of Counsel" with the Petition.

Pursuant to Rule 4 of the Rules Governing Post-Conviction Habeas Corpus Proceedings, the Court has conducted a full preliminary review of the Petition, relevant law, and the complete contents of the court file. The Court now makes the following Findings of Fact and Conclusions of Law.

# FINDINGS OF FACT

1. The Petitioner was convicted by a petit jury on January 30, 2002, for crimes which were committed in 1995 through and including 1997, in Indictment No. 01-

- 8 -

54

F-97-H. A jury found the Petitioner guilty of the felony crime of first degree sexual abuse, as charged in Count One of the Indictment, and guilty of the felony crimes of sexual abuse by a custodian, as charged in Counts Two, Three, and Four of the Indictment, respectively. The jury found the Petitioner not guilty of the felony crime of sexual abuse by a custodian as charged in Count Five of the Indictment. A Conviction Order was entered February 11, 2002.

2. On March 18, 2002, the Petitioner was sentenced to the West Virginia State Penitentiary system for an indeterminate term of not less than one (1) year nor more than five (5) years for the felony crime of first degree sexual abuse as charged in Count One of the Indictment. The Petitioner was sentenced to the West Virginia State Penitentiary system for an indeterminate term of not less than ten (10) years nor more than twenty (20) years for each of the felony crimes of sexual abuse by a custodian as charged in Counts Two, Three, and Four of the Indictment, respectively. The Court ordered said sentences served consecutively. A Sentencing Order was entered March 28, 2002.

3. The Petitioner filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia on February 3, 2003. Said appeal was refused by the Supreme Court in an Order entered June 18, 2003.

4. The Petitioner filed his first petition for writ of habeas corpus as to the aforementioned criminal matters on April 1, 2010, thereby instituting Civil Action No. 10-C-93-H. On August 3, 2010, the Court entered an Order denying the

9

relief sought in the first thirteen (13) grounds for relief raised by the Petitioner. Due to an oversight and the confusing nature of the poorly drafted, pro se Petition, the Court failed to rule on the remaining ten (10) grounds for relief contained in said Petition.

5. In an Order entered November 24, 2010, the Court appointed Jeffery T. Mauzy, a lawyer who, at the time of appointment was in the private practice of law, as appellate counsel for the Petitioner.

6. On March 22, 2011, the Petitioner, by counsel, filed a Petition for Appeal of the aforementioned Order in the Supreme Court of Appeals of West Virginia, as evidenced by a March 31, 2011 letter, now in the court file, from Rory L. Perry, II, Clerk of Court for the Supreme Court of Appeals of West Virginia, to said appellate counsel. The Court notes that, though said letter questioned the timeliness of the Petition for Appeal, the Supreme Court nevertheless considered said Petition for Appeal as timely filed, and subsequently considered the appeal on its merits, as described hereinafter.

7. On July 22, 2011, an Order Approving Payment of Appointed Counsel Fees and Expenses for the aforementioned appellate counsel was entered by the Court. Thus, Mr. Mauzy's representation of the Petitioner had clearly come to an end. Mr. Mauzy, subsequent to the entry of said Order and on an exact date unknown to the Court, accepted in late 2011 a position as Assistant Fayette County Prosecuting Attorney, handling exclusively child abuse and neglect and juvenile delinquency cases.

8. The Supreme Court, in its June 22, 2012 Memorandum Decision, affirmed this Court's dismissal of the aforementioned thirteen (13) grounds for relief, and ordered said Civil Action remanded in part so that this Court could make findings of fact and conclusions of law as to ten (10) remaining grounds for relief raised in the Petition therein.

9. On December 12, 2012, the Court entered an Order dismissing the ten (10) remaining grounds for relief raised in the Petition filed in Civil Action No. 10-C-93-H.

10. The Petitioner filed a pleading captioned "Renewed Motion for Appeal Counsel" on January 10, 2013. In an Order entered January 16, 2013, the Court appointed Thomas Rist, an experienced criminal defense attorney, as appellate counsel for the Petitioner.

11. The Petitioner, by counsel, subsequently filed a second Petition for Appeal in Civil Action No. 10-C-93-H. The Supreme Court, in a November 8, 2013 Memorandum Decision, affirmed the aforementioned December 12, 2012 Order of this Court and did "adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error" in said Memorandum Decision.

12. In the case sub judice, the sole ground for relief raised is that Mr. Mauzy, the Petitioner's original counsel in Civil Action No. 10-C-93-H, was ineffective in his representation of the Petitioner. The Petitioner alleges that "Mr. Mauzy was ineffective in a number of ways and even took a job in the prosecutor's office,

when replaced by Attorney Rist, the Court had already refused reliefs (sic)," and that Mr. Mauzy "failed to file anything on remand," despite the fact that Mr. Mauzy's representation of the Petitioner had clearly come to an end long before the aforementioned Memorandum Decision was announced by the Supreme Court.

13. The aforementioned November 8, 2013 Memorandum Decision addressed in detail Mr. Mauzy's representation of the Petitioner, including Mr. Mauzy accepting the position of Assistant Fayette County Prosecuting Attorney subsequent to filing the Petition for Appeal described in Finding of Fact No. 06, hereinabove.

14. The Court notes that the Petitioner has also sought habeas corpus relief in Civil Action No. 11-C-163-H, arising from a separate felony conviction, which does not concern the matters raised herein.

## CONCLUSIONS OF LAW

1. Jurisdiction and venue are appropriately in the Circuit Court of Fayette County, West Virginia.

2. Rule 4(c) of the Rules Governing Post Conviction Habeas Corpus Proceedings is as follows:

> The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon

in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal. Rule 4(c).

3. The allegations contained in the Petition for Appeal were fully addressed in Civil Action No. 10-C-93-H. The Supreme Court, in its aforementioned Memorandum Decision, affirmed this Court's findings and conclusions that the Petition for Appeal in the aforementioned habeas corpus case was fully prosecuted before Mr. Mauzy accepted a position in the Fayette County Prosecuting Attorney's Office and that the Petitioner was in no way prejudiced by Mr. Mauzy accepting said position subsequent to his representation of the Petitioner.

4. The Court notes that Mr. Mauzy was appointed only as appellate counsel for the Petitioner, and that his representation clearly came to an end with the prosecution of the aforementioned appeal. The Supreme Court, in its aforementioned June 22, 2012 Memorandum Decision in Civil Action No. 10-C-93-H, affirmed this Court's decision not to appoint the Petitioner habeas corpus counsel for the purpose of filing an Amended Petition in Circuit Court. Thus, when the Supreme Court remanded said habeas corpus case so that this Court

could rule upon the final ten (10) grounds for relief raised in the original, pro se Petition, the Petitioner was clearly not entitled to appointed counsel at that time, and the appointment of counsel was then clearly unnecessary. This Court was directed by the Supreme Court, on remand, only "to rule on the remaining ten (10) issues" of a Petition which had previously been filed. The Supreme Court clearly did not remand the final ten (10) grounds for relief for further proceedings thereon, but rather for the sole purpose of this Court issuing a ruling as to same.

5. The Court, subsequent to its denial of the final ten (10) grounds for relief raised in the original Petition, granted the Petitioner's motion for appellate counsel and appointed Mr. Rist as appellate counsel for the Petitioner. Thus, the Petitioner, for the second time in Civil Action No. 10-C-93-H, was represented by competent counsel in his pursuit of appellate relief, which was denied by the Supreme Court in its aforementioned November 8, 2013 Memorandum Decision.

6. The entirety of the Petition herein is baseless, frivolous, without merit, and clearly fails to raise any discernible grounds for relief concerning Mr. Mauzy's representation of the Petitioner which have not already been previously and fully adjudicated, both in this Court and the Supreme Court of Appeals of West Virginia.

7. The Supreme Court of Appeals of West Virginia has held as follows concerning the appointment of counsel in habeas corpus proceedings:

"A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and

7

— 14 —

without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, Perdue v. Coiner, 156 W.Va. 467, 194 S.E.2d 657 (1973).

8. Cleary, in consideration of the above-quoted case law, the Court concludes that the Petitioner is not entitled to the appointment of counsel in the case sub judice. Thus, the Petitioner's "Motion to Proceed In Forma Pauperis" is clearly moot.

Accordingly, it is ORDERED that the Petitioner's motions for appointment of counsel and to proceed in forma pauperis be and the same are hereby DENIED.

If is further ORDERED the Petition seeking a Writ of Habeas Corpus be and the same is hereby DENIED.

It is further ORDERED that said civil action be and the same is hereby DISMISSED.

The Clerk shall, forthwith, mail an attested copy of this Order to the Petitioner, Inmate Edward W. Friedrichs, One Mountainside Way, Mount Olive, West Virginia 25185.

ENTERED this 7th day of July, 2014.

JOHN W. HATCHER, JR.
CHIEF JUDGE

A TRUE COPY of an order entered
July 07, 2014
Teste: Danielle Witt
Circuit Clerk Fayette County, WV

-15-