# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Irvin Cowgill,**
**Petitioner Below, Petitioner**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)    No. 14-0268** (Hampshire County 14-C-16)

**Patrick A. Mirandy, Warden, St. Mary's**
**Correctional Center, Respondent Below,**
**Respondent**

### MEMORANDUM DECISION

Petitioner Irvin Cowgill, appearing *pro se*, appeals the February 25, 2014, order of the Circuit Court of Hampshire County that denied his instant petition for a writ of habeas corpus. Respondent warden,[1] by counsel Derek A. Knopp, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2002, petitioner was convicted of second degree murder following a jury trial. The trial court sentenced petitioner to a definite term of forty years in prison. Petitioner's direct appeal was refused by this Court on November 19, 2003.

Petitioner filed his first petition for a writ of habeas corpus in 2004. Habeas counsel was appointed and an omnibus hearing was held on February 28, 2006. The record reflects that, at the hearing, petitioner "knowingly and intelligently waived those grounds not asserted upon advice of counsel." On April 11, 2006, the circuit court denied the petition, denying the sixteen grounds of relief that petitioner did not waive at the hearing. On January 10, 2007, this Court refused petitioner's appeal of the circuit court's denial of relief.

In a second habeas proceeding, on February 26, 2010, petitioner moved the circuit court to allow him to renew an amended habeas petition to raise the issue of whether Syllabus Point 4 of *State v. Harden*, 223 W.Va. 796, 679 S.E.2d 628 (2009), could be retroactively applied. In Syllabus Point 4 of *Harden*, this Court held that "[w]here it is determined that the defendant's actions were not reasonably made in self-defense, evidence that the decedent had abused or

---

[1] Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the current public officer has been substituted as the respondent in this action.

1

threatened the life of the defendant is nonetheless relevant and may negate or tend to negate a necessary element of the offense(s) charged, such as malice or intent." *Id.* 799, 679 S.E.2d at 631.

On May 3, 2010, the circuit court held a hearing on the retroactivity issue, at which petitioner was represented by counsel. On August 3, 2010, the circuit court entered an order denying the motion to renew. The circuit court ruled that the *Harden* Court did not indicate that Syllabus Point 4 could be applied retroactively and, therefore, that petitioner could not use the syllabus point to collaterally attack his conviction. In *Cowgill v. Waid*, No. 101600 (W.Va. June 15, 2011) (memorandum decision), this Court affirmed the denial of the motion to renew.

In August of 2011, petitioner filed a habeas petition in this Court. On February 14, 2012, the Court issued a rule to show cause returnable in the circuit court with directions to appoint counsel to file a petition, in pertinent part, on petitioner's assertion that the State failed to disclose evidence of the victim's criminal history. Following the appointment of counsel and the filing of a petition, the circuit court denied the petition on February 15, 2013, finding as follows:

> [I]n this case, [p]etitioner's issue is with regard to the disclosure of information regarding specific acts of violence against third parties by the victim, allegedly contained within the victim's criminal history record. The [c]ourt finds that the prosecuting attorney faxed the victim's criminal history to [p]etitioner's trial counsel. The [c]ourt finds that Exhibits A and B, attached to the Response to Amended Petition, clearly show that the criminal history was disclosed to [p]etitioner's trial counsel on August 15, 2002. Therefore, the [c]ourt concludes that [p]etitioner is not entitled to any relief on this ground.

Petitioner appealed the circuit court's February 15, 2013, order, arguing that the circuit court should have held an evidentiary hearing. However, in *Cowgill v. Mirandy*, No. 13-0636, 2013 WL 6231785 (W.Va. Supreme Court, December 3, 2013) (memorandum decision), this Court rejected petitioner's assignment of error and affirmed the denial of relief.

On February 4, 2014, petitioner filed the instant habeas petition in the circuit court alleging that there was prosecutorial misconduct in that (1) the prosecutor made statements to the jury that were untrue; and (2) the prosecutor withheld evidence that would refute the State's case against petitioner. On February 25, 2014, the circuit court denied the petition because (a) all of petitioner's allegations were refuted by reference to the record in his criminal case; and (b) "[r]epeated filings of a Habeas Corpus Petition will not result in relief being granted."

Petitioner now appeals the circuit court's February 15, 2014, denial of the instant petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

2

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, in Syllabus Point 2 of *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court held as follows:

> A judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared *pro se* having knowingly and intelligently waived his right to counsel.

On appeal, petitioner reiterates his grounds for relief: (1) the prosecutor made statements to the jury that were untrue; and (2) the prosecutor withheld evidence that would refute the State's case against petitioner. Petitioner also questions the integrity of the circuit court and indicates that trial counsel was ineffective. Respondent warden counters that the circuit court correctly denied the instant habeas petition because the doctrine of res judicata barred petitioner from raising all matters that petitioner raised or should have been raised in the previous habeas proceedings. We agree.

"While a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*." *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975); *see also White v. Haines*, 215 W.Va. 698, 705 n. 9, 601 S.E.2d 18, 25 n. 9, *cert. denied,* 543 U.S. 938 (2004) (affirming circuit court's denial of second habeas petition based on determination that petitioner was not entitled to "another bite at the apple"). Petitioner has had two habeas corpus hearings, including the omnibus hearing occurring on February 28, 2006. The February 28, 2006, hearing clearly implicates Syllabus Point 2 of *Losh* because petitioner was represented by counsel and the circuit court found that petitioner "knowingly and intelligently waived those grounds not asserted upon advice of counsel." 166 W.Va. 762, 277 S.E.2d 608. With regard to the issues petitioner has raised, this Court has affirmed the circuit court's denial of relief on the merits in two prior cases,[2] which included an affirmation of the circuit court's finding that the State did not fail to disclose evidence of the victim's criminal history. Therefore, the Court concludes that the circuit court did not abuse its discretion in denying petitioner's instant habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] Memorandum decisions constitute decisions on the merits. *See* Rule 21(a), W.V.R.A.P.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4