# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Trayvon Strange,**
**Petitioner Below, Petitioner**

**FILED**

**November 3, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-1137** (Mercer County 16-C-328)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Trayvon Strange, pro se, appeals the November 16, 2016, order of the Circuit Court of Mercer County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, a Mercer County grand jury indicted petitioner on one count of first-degree murder. The charge stemmed from an incident where petitioner shot Steven Rhodes ("the victim") in the head. Petitioner was twenty-years-old. The parties reached a plea agreement whereby petitioner would plead guilty to the indictment and the State would agree that the appropriate disposition of the case would be a life sentence with the possibility for parole. Because the parties entered into the plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure, the mutually-agreed upon sentence recommendation would be binding on the circuit court.

However, there was extensive discussion at both the plea and sentencing hearings about whether, due to petitioner's age, the circuit court should suspend his life term of incarceration in

1

favor of sentencing him as a youthful offender pursuant to West Virginia Code § 25-4-6.[1] At the January 20, 2015, plea hearing, the circuit court (1) questioned whether petitioner was eligible for youthful offender sentencing because he was pleading guilty to a felony offense punishable by a life term of incarceration and (2) informed petitioner that, even if he was not excluded from youthful offender sentencing, it was unlikely to sentence him pursuant to West Virginia Code § 25-4-6 given that he killed another person in a disagreement over a hallway light.

Being so informed, petitioner told the circuit court that he still would "take this plea." During petitioner's plea colloquy pursuant to *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), the circuit court went over the constitutional rights petitioner would be waiving and asked him whether he was pleading guilty as his own "free and voluntary act." Petitioner responded, "Yes." The circuit court inquired whether petitioner was pleading guilty because he was in fact guilty. Petitioner answered, "I'm guilty because I shot [the victim]."

Both of petitioner's attorneys informed the circuit court that it was in his best interest to enter into the plea agreement. Petitioner's attorneys also responded that they were satisfied with the State's production of discovery in the case. Petitioner stated that the attorneys represented him satisfactorily and that he had no complaints regarding their performance. Petitioner testified that he met with one attorney three times and with the other attorney approximately five times.

The State proffered the factual basis for petitioner's guilty plea. The State noted that the victim, who initially survived being shot, identified petitioner in a 911 call and in a statement to a police officer. The State noted that the victim told the officer that "it was [petitioner] that had the gun."

Thereafter, the circuit court again asked petitioner whether he was pleading guilty "freely and voluntarily." Petitioner responded affirmatively. Finally, the circuit court inquired whether petitioner still desired that it accept his guilty plea. Petitioner again responded affirmatively, requesting that the circuit court "accept the plea." At the conclusion of the plea hearing, the circuit court found that petitioner entered his guilty plea knowingly and voluntarily, and that he did so with a full understanding of his constitutional rights. The circuit court further found that the plea agreement was in the interest of justice and that a factual basis existed for petitioner's guilty plea. The circuit court conditionally accepted petitioner's plea pending a presentence investigation report.

At the March 12, 2015, sentencing hearing, the circuit court found that the presentence investigation report was incorrect in stating that petitioner was eligible for youthful offender sentencing pursuant to West Virginia Code § 25-4-6. The circuit court definitively ruled that West Virginia Code § 25-4-6 provided that petitioner was ineligible for youthful offender sentencing because he was pleading guilty to a felony offense punishable by a life term of incarceration. The

---

[1]West Virginia Code § 25-4-6 provides, in relevant part, that "[t]he circuit court may suspend the imposition of sentence of any young adult, as defined in this section, convicted of or pleading guilty to a felony offense, other than an offense punishable by life imprisonment."

circuit court also repeated that, even if petitioner was eligible under West Virginia Code § 25-4-6, it was unlikely to sentence him as a youthful offender given the facts of this case. Accordingly, the circuit court allowed petitioner the opportunity to confer with his attorneys and the opportunity to withdraw his guilty plea.

Following two discussions off the record, petitioner informed the circuit court that he did not desire to withdraw his plea and wanted to continue with the sentencing hearing. Thereafter, the circuit court found that, because of petitioner's "young age," a Mercer County jury would have made a recommendation of mercy if the case had gone to trial. Therefore, the circuit court accepted petitioner's guilty plea and, pursuant to Rule 11(e)(1)(C), imposed the mutually-agreed upon sentence of a life term of incarceration with the possibility of parole.

In *State v. Strange* ("*Strange I*"), No. 15-0372, 2016 WL 143433, at *2 (W.Va. January 11, 2016) (memorandum decision), petitioner appealed the circuit court's ruling that he was ineligible for youthful offender sentencing because he was pleading guilty to a felony offense punishable by a life term of incarceration.[2] This Court affirmed the circuit court's ruling, finding that it was consistent with the clear and unambiguous language of West Virginia Code § 25-4-6. *Strange I*, 2016 WL 143433, at *2.

On October 3, 2016, petitioner filed a petition for a writ of habeas corpus pro se alleging that (1) his guilty plea was not knowingly and voluntarily entered because of his trial attorneys' erroneous advice that he was eligible for youthful offender sentencing; and (2) his attorneys failed to provide effective assistance because they conducted an inadequate investigation and allowed him to plead guilty without a full understanding of the potential for youthful offender sentencing. By order entered on November 16, 2016, the circuit court denied petitioner's habeas petition without a hearing or appointment of counsel. First, the circuit court found that, at the sentencing hearing, it "allowed [petitioner] the opportunity to withdraw his guilty plea once he was notified that he was not eligible for youthful offender sentencing." The circuit court further found that it would not have sentenced petitioner as a youthful offender given that he killed a man over "an argument about a light bulb." Second, the circuit court found that petitioner's trial attorneys' advice "to plead guilty was not outside the broad range of professionally competent assistance" given the weight of evidence, which it summarized as follows:

> [Petitioner] also admitted that he had some past problems with the victim and [the victim] had a bad habit of turning off the lights in the stairway in the hallway. He indicated that[,] on the day of the incident[,] he and [the] victim were arguing and he thought [the] victim pulled a machete. He initially left the apartment building[,] but returned a short time later with a gun and shot the victim in the back of the head.

---

[2] Because the plea agreement required only that petitioner be given a life term of incarceration with the possibility of parole, the circuit court retained discretion whether to employ available alternative sentencing options. *See* Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997) (holding that sentencing orders are reviewed only for an abuse of discretion); *Strange I*, 2016 WL 143433, at *1 (same).

Petitioner now appeals the circuit court's November 16, 2016, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016). In syllabus point 3 of *Anstey*, we held as follows:

> "'A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief. Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).' Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004) [(per curiam)]."

237 W.Va. at 412, 787 S.E.2d at 866.

On appeal, petitioner first contends that his guilty plea was not knowing and voluntary because his attorneys were mistaken with regard to his eligibility for youthful offender sentencing. Respondent counters that the circuit court properly found that petitioner's plea was voluntarily and knowingly entered. We agree with respondent.

The circuit court found that, at the sentencing hearing, it allowed petitioner the opportunity to withdraw his guilty plea once he was informed that he was not eligible for youthful offender sentencing. In *Strange I*, we similarly found that "the circuit court allowed petitioner the opportunity to confer with his counsel and the opportunity to withdraw his guilty plea." 2016 WL 143433, at *1. As we noted in *Strange I*, "petitioner agreed to proceed upon his guilty plea." *Id.* Moreover, at the earlier plea hearing, the circuit court (1) questioned whether petitioner was eligible for youthful offender sentencing; and (2) informed petitioner that, even if he was not excluded from youthful offender sentencing, it was unlikely to sentence him pursuant to West Virginia Code § 25-4-6 given that he killed another person in a disagreement over whether a hallway light should have been left on or off in their apartment complex. Therefore, we find that petitioner was fully informed at both the plea and sentencing hearings that there was little to no possibility of being sentenced as a youthful offender. We conclude that both petitioner's initial decision to plead guilty and his decision not to withdraw his plea at the sentencing hearing were knowingly and voluntarily made.

Second, petitioner contends that his attorneys were ineffective because they conducted an inadequate investigation and allowed him to plead guilty without a full understanding of the

4

potential for youthful offender sentencing. Respondent counters that the circuit court properly found that petitioner's attorneys provided effective assistance. We agree with respondent.

We set forth the applicable standards for reviewing claims of ineffective assistance in syllabus points 3, 4, and 6 of *State ex rel. Vernatter v. Warden, West Virginia. Penitentiary*, 207 W.Va. 11, 528 S.E.2d 207 (1999):

> 3.      "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

> 4.      "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." Syllabus point 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

> ****

> 6.      In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

With regard to the potential for youthful offender sentencing, we have already found that petitioner was fully informed by the circuit court that it disagreed with his attorneys that he could be sentenced pursuant to West Virginia Code § 25-4-6.

With regard to the attorneys' overall performance, we concur with the circuit court's finding that their advice that petitioner should plead guilty "was not outside the broad range of professionally competent assistance." We find that petitioner's allegation of an inadequate investigation is not supported by the record. The plea hearing transcript reflects that there was discovery given by the State to the defense. During the State's proffer of evidence, the assistant prosecutor discussed that a witness statement had been disclosed to the defense. Petitioner's attorneys also commented on the State's production of discovery in that they informed the circuit court that they were satisfied with the State's disclosure. Also, during the plea colloquy, the circuit

court noted that there had been two prior hearings where it denied defense motions to suppress certain evidence. Therefore, we find that the record reflects that petitioner's attorneys provided effective assistance and that their advice in favor of a guilty plea was not based on unpreparedness for trial, but because, as they told the circuit court, the plea was in petitioner's best interest.

The plea agreement was in petitioner's best interest because of its preservation of the possibility of parole with regard to a life sentence in light of the substantial evidence of guilt.[3] Both the State's proffer at the plea hearing and the circuit court's findings in its November 16, 2016, order detail the evidence of petitioner's guilt. Therefore, we find that, even assuming arguendo that petitioner's attorneys were deficient in some way, petitioner has not shown that he would have not pleaded guilty and insisted on going to trial. Accordingly, given the record in this case, we conclude that the circuit court properly denied petitioner's habeas petition without a hearing or appointment of counsel.

For the foregoing reasons, we affirm the circuit court's November 16, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**:   November 3, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[3]Given petitioner's young age, if he is eventually released on parole, he has the prospect of having a life outside prison before he becomes elderly.