# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Gerald M.,**
**Petitioner Below, Petitioner**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 17-1047** (Kanawha County 17-P-151)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gerald M.,[1] pro se, appeals the October 17, 2017, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex,[2] by counsel Scott E. Johnson, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1995, the circuit court sentenced petitioner to two consecutive terms of fifteen to thirty-five years of incarceration following his conviction on two counts of first-degree sexual assault

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Since the filing of the appeal in this case, the superintendent at Mount Olive Correctional Complex has changed and the superintendent is now Donnie Ames. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

against a minor. Petitioner subsequently appealed these convictions, which this Court refused by order entered September 16, 1996.

Petitioner has filed five petitions for writs of habeas corpus. Petitioner filed a first habeas petition on October 6, 1997, alleging (1) failure to strike jurors; (2) improper admission of bad act evidence; (3) failure to have the victim psychologically evaluated; (4) violation of the Confrontation Clause; (5) failure to disclose exculpatory evidence; (6) improper cross-examination of petitioner's character witnesses; (7) petitioner's absence from bench conferences; (8) failure to grant petitioner's request for a reduction of sentence; and (9) improper *ex parte* communications with the jury. Petitioner received an evidentiary hearing and appointment of counsel in his first habeas proceeding. Following the evidentiary hearing, the circuit court denied habeas relief by order entered November 23, 2003.

Subsequently,[3] petitioner filed a fourth habeas petition, alleging: (1) ineffective assistance of trial counsel; (2) improper admission of bad act evidence; (3) violation of the Confrontation Clause; (4) improper expert testimony; (5) unconstitutionally impaneled jury; and (6) improper *ex parte* communications with the jury. By order entered November 15, 2011, the circuit court denied habeas relief, finding that the petition was "based on grounds previously reviewed by the [circuit court] and does not set forth any new grounds for relief." Petitioner appealed the denial of his fourth habeas petition in *Gerald K.M. v. Ballard*, No. 12-0021, 2013 WL 149598 (W.Va. Jan. 14, 2013) (memorandum decision). This Court affirmed the denial of habeas relief, finding that "petitioner was not restricted on presenting any evidence or arguments at his . . . omnibus evidentiary hearing [in his first habeas proceeding]." *Id.* at *2. On March 9, 2017, petitioner filed a fifth habeas petition, alleging: (1) ineffective assistance of habeas counsel; (2) excessive sentencing; (3) actual innocence; and (4) cumulative error. By order entered October 17, 2017, the circuit court addressed each of petitioner's grounds for relief and denied his habeas petition. It is from the circuit court's October 17, 2017, order that petitioner now appeals.

In syllabus point one of *Anstey v. Ballard*, 237 W.Va. 411, 787 S.E.2d 864 (2016), we held:

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Furthermore, in syllabus point four of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981), we held:

---

[3]Petitioner filed a second habeas petition in 2005, which the circuit court dismissed as "frivolous" by order entered November 21, 2005. In 2009, Petitioner fled a third habeas petition that the circuit court dismissed as raising issues "previously reviewed" by order entered January 20, 2009. Petitioner's second and third petitions are not relevant to the issues raised in this appeal.

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that the evidentiary hearing in his first habeas proceeding did not constitute an omnibus hearing because he did not have a full and fair opportunity to raise all arguably meritorious issues. Respondent counters that the instant petition is a meritless successive petition barred by the doctrine of res judicata. We agree with respondent and note our finding in *Gerald K.M.* that "petitioner was not restricted on presenting any evidence or arguments at his . . . omnibus evidentiary hearing [in his first habeas proceeding]." 2013 WL 149598, at *2.[4]

Upon our review of the record, we find that, in its October 17, 2017, order, the circuit court explained why none of petitioner's grounds for relief entitled him to habeas relief.[5] In *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975), we found that post-conviction litigation must end at some point because, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *[h]abeas corpus* upon *[h]abeas corpus*." *See White v. Haines*, 215 W.Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (affirming denial of the petitioner's second habeas petition, finding that it "is difficult to muster any sound reasoning for giving [him] another bite at the apple"). Here, having reviewed the circuit court's October 17, 2017, "Final Order," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error. The Clerk is directed to attach a copy of the October 17, 2017, order to this memorandum decision.[6] We, therefore, conclude that the circuit court properly denied petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's October 17, 2017, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

---

[4]Our ruling in *Gerald K.M.* constitutes a final decision on the merits pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure. *See In Re: T.O.*, 238 W.Va. 455, 464, 796 S.E.2d 564, 573 (2017) (finding that a memorandum decision is an adjudication on the merits); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014) (same).

[5]On appeal, petitioner raises the issues of judicial misconduct and improper *ex parte* communications with the jury by the trial judge. Respondent counters that these issues were not asserted in the instant petition. After reviewing this petition, we agree with respondent and decline to address issues not raised before the circuit court. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that we "will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

[6]Petitioner's last name has been redacted from the circuit court's order. *See* fn.1, *supra*.

**ISSUED**:   June 17, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4