# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raymond Elswick,**
**Petitioner Below, Petitioner**

**vs.)** **No. 19-0087** (Roane County 18-C-9)

**J.T. Binion, Superintendent, Huttonsville**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Raymond Elswick, self-represented, appeals the January 2, 2019, order of the Circuit Court of Roane County summarily dismissing his third petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2008, petitioner was convicted of voluntary manslaughter and conspiracy in the Circuit Court of Roane County. Petitioner was subsequently sentenced to a life term of incarceration as a recidivist due to two prior felony convictions. Petitioner filed a direct appeal, and this Court affirmed petitioner's convictions and sentence. *See State v. Elswick* ("*Elswick I*"), 225 W. Va. 285, 693 S.E.2d 38 (2010). In 2011, petitioner filed his first petition for writ of habeas corpus in the circuit court. Petitioner was denied habeas corpus relief, and we affirmed that denial in 2014. *See Elswick v. Plumley* ("*Elswick II*"), No. 13-1110, 2014 WL 5328650 (W. Va. Oct. 20, 2014) (memorandum decision). In *Elswick II*, we noted that "the parties agreed that all issues, with the exception of petitioner's claims of ineffective assistance of [trial] counsel, were decided in [*Elswick I*] and were res judicata." *Id.* at *1.

1

In 2015, petitioner, pro se, filed a second habeas petition in the circuit court, arguing that habeas counsel was ineffective in failing to adequately raise his claims of ineffective assistance of trial counsel. Petitioner was appointed new habeas counsel, who filed a motion for leave to conduct discovery and a motion for discovery. Petitioner sought transcripts from certain proceedings in his underlying cases, arguing that those transcripts would lead to admissible evidence at any evidentiary hearing. The circuit court failed to rule on petitioner's discovery motions. However, at an August 26, 2016, hearing, the circuit court took "judicial notice of the court files in the previous habeas case and also in the two cases that formed the predicate for the [recidivist] information," and petitioner and his previous habeas counsel provided testimony. By order entered on December 27, 2016, the circuit court denied petitioner's second habeas petition. In *Elswick v. Martin* ("*Elswick III*"), No. 17-0075, 2018 WL 1040357, at *2-3 (W. Va. Feb. 23, 2018) (memorandum decision), this Court affirmed the December 27, 2016, order, finding that petitioner failed to show that permitting discovery would have established that the circuit court's decision to deny the second petition was erroneous.

On March 22, 2018, petitioner, pro se, filed a third habeas petition, arguing that, while his ineffective assistance claims "had been ruled in [sic] by the circuit court," his second habeas counsel was ineffective in raising only the discovery issue on appeal in *Elswick III*. By order entered January 2, 2019, the circuit court summarily dismissed petitioner's third petition.

Petitioner now appeals the circuit court's January 2, 2019, order. We review as directed in Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016):

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

However, because we have before us the dismissal of petitioner's *third* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Petitioner argues that his second habeas counsel was ineffective in raising only the discovery issue on appeal in *Elswick III*. However, petitioner concedes that the circuit court adjudicated his substantive claims in the second habeas proceeding, and it is that adjudication which we affirmed in *Elswick III*. We specifically found in *Elswick III* that petitioner failed to

2

show that permitting discovery would have established that the circuit court's decision to deny the second petition was erroneous. Therefore, we find that the instant petition—petitioner's third—was an impermissible successive petition barred by the doctrine of res judicata. *See White v. Haines*, 215 W.Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (affirming denial of the petitioner's second habeas petition, finding that "it is difficult to muster any sound reasoning for giving [him] another bite at the apple"); *Call v. McKenzie*, 159 W.Va. 191, 194, 220 S.E.2d 665, 669 (1975) (finding that post-conviction litigation must end at some point because, "[w]hile a defendant is entitled to due process of law, he is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*"). Accordingly, we conclude that the circuit court did not abuse its discretion in summarily dismissing petitioner's third habeas petition.

For the foregoing reasons, we affirm the circuit court's January 2, 2019, order summarily dismissing petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3