# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Angela Dawn Miller,**
**Petitioner Below, Petitioner**

**vs.)**      **No. 18-1001** (Wyoming County 17-C-96)

**J.D. Sallaz, Superintendent, Lakin**
**Correctional Center,**
**Respondent Below, Respondent**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Angela Dawn Miller, self-represented, appeals the October 11, 2018, order of the Circuit Court of Wyoming County denying her fourth petition for a writ of habeas corpus. Respondent J.D. Sallaz, Superintendent, Lakin Correctional Center, by counsel Caleb A. Ellis, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 1994, petitioner was convicted in the Circuit Court of Wyoming County of first-degree murder. The circuit court sentenced petitioner to a life term of incarceration without the possibility of parole. Petitioner appealed her conviction on several grounds, and we affirmed in *State v. Miller* ("*Miller I*"), 197 W. Va. 588, 593, 476 S.E.2d 535, 540 (1996). Thereafter, in 2001, petitioner filed a petition for a writ of habeas corpus in the circuit court and raised twenty-five grounds for relief, including ineffective assistance of trial counsel and insufficient evidence. The court entered an order on January 31, 2002, dismissing twenty-four of petitioner's asserted grounds for relief.

Subsequently, the circuit court held an evidentiary hearing to address the only remaining issue, petitioner's assertion that during deliberations, some jurors returned to the courtroom to attempt to identify a witness. By order entered on July 19, 2002, the circuit court rejected that

1

claim and denied petitioner's habeas petition. Petitioner filed an appeal from the circuit court's denial of habeas relief, and this Court refused that appeal by order entered on February 26, 2004. In 2004, petitioner filed a second habeas petition in the circuit court. By order entered on March 18, 2005, the circuit court summarily denied that habeas petition.

Despite the denial, the circuit court appointed petitioner counsel in 2010, and counsel filed an amended habeas petition. That petition was denied by order entered on January 21, 2014. Petitioner sought post-judgment relief, which was denied. This Court declined to review the denial of habeas relief in *Miller v. Nohe* ("*Miller II*"), No. 14-0482, 2015 WL 1740514 (W. Va. Apr. 13, 2015) (memorandum decision), because the appeal was untimely. In *Miller II*, this Court notably remarked that "the circuit court clearly established that petitioner's prior direct criminal appeal and [first] habeas corpus proceeding barred further prosecution of these claims under the doctrine of res judicata." *Id.* at \*2. Notwithstanding this Court's decision in *Miller II*, petitioner filed a third habeas petition in the circuit court, and the court denied that petition by order entered on June 10, 2016. Petitioner did not appeal the June 10, 2016, order.

On June 27, 2017, petitioner filed a fourth habeas petition in the circuit court, the denial of which is the subject of this appeal. Petitioner argued that both her first and second habeas counsel were ineffective in failing to adequately present her claims that (1) her psychiatrist's expert testimony was improperly excluded at trial; (2) there was insufficient evidence to support a first-degree murder conviction; and (3) trial counsel was ineffective. Petitioner further argued that she had newly-discovered evidence that a juror had a familial connection with individuals having prior experience with the criminal justice system, and the juror, therefore, should have been disqualified from serving on the jury in petitioner's criminal proceeding. With regard to petitioner's assertions concerning habeas counsel, the circuit court determined that petitioner was attempting to have "yet another bite at the apple." (Emphasis omitted.) The circuit court further rejected her claim of newly-discovered evidence, in part, because it was based on speculative assertions without evidentiary support and, in part, based on the individual juror polling conducted when the jury returned their verdict.

Petitioner now appeals the circuit court's October 11, 2018, order denying her fourth habeas petition. We review as directed in Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016):

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

However, because we have before us the denial of petitioner's *fourth* habeas petition, we first consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Petitioner argues that she is entitled to another habeas proceeding, with the appointment of counsel, and an evidentiary hearing despite our finding in *Miller II* that the first habeas proceeding triggered the doctrine of res judicata to bar successive petitions raising the same claims. 2015 WL 1740514, at *2. We disagree and find that although petitioner couches her first three assignments of error as requiring the review of the effectiveness of habeas counsel, petitioner actually seeks our review of claims that have been thoroughly considered.

In so finding, we acknowledge that the circuit court found that petitioner re-raised three claims under the guise of ineffective assistance of habeas counsel and adequately addressed the application of res judicata. Based on our review of the record, we concur with the circuit court's findings that the sufficiency of the evidence, petitioner's psychiatrist's proffered testimony, and trial counsel's performance were previously and finally adjudicated in petitioner's first habeas proceeding. We further concur with the circuit court's findings that petitioner's disagreement with its prior rulings did not indicate that habeas counsel was ineffective and that, instead, petitioner attempted to have "another bite at the apple." (Emphasis omitted). Given our determination in *Miller II* that petitioner's first habeas proceeding constituted a full and fair opportunity to raise claims not asserted in *Miller I*, we find that petitioner is not entitled to another such proceeding. *See White v. Haines*, 215 W. Va. 698, 705 n.9, 601 S.E.2d 18, 25 n.9 (2004) (affirming denial of the petitioner's second habeas petition, finding that "it is difficult to muster any sound reasoning for giving [him] another bite at the apple"); *Call v. McKenzie*, 159 W. Va. 191, 194, 220 S.E.2d 665, 669 (1975) ("While a defendant is entitled to due process of law, [she] is not entitled to appeal upon appeal, attack upon attack, and *habeas corpus* upon *habeas corpus*.").

With regard to petitioner's remaining claim, that she had evidence that arguably was not "discovered" at the time petitioner filed her three prior habeas petitions, petitioner's allegations of juror misconduct are speculative at best.[1] Because the allegations were unfounded, they "do[ ] not

---

[1]In the Syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979), we held:

"A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is (continued . . .)

justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh*, 166 W. Va. at 771, 277 S.E.2d at 612. The circuit court adequately explained that there was no evidence that the juror knew of the criminal activity involving her family members at the time of petitioner's trial. Moreover, there is no evidence of a family connection between the juror and those involved in the case petitioner references. The circuit court likewise found that the polling of the jury, and the juror's explicit agreement with the verdict, dispelled petitioner's allegation that the juror was "rushed" into voting. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's fourth habeas petition inasmuch as three of petitioner's allegations are barred by the doctrine of res judicata and the only remaining reviewable claim was properly denied for a lack of evidentiary support.

For the foregoing reasons, we affirm the circuit court's October 11, 2018, order denying petitioner's fourth petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 3, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W. Va. 727, 18 S.E. 953 (1894).

4