STATE OF WEST VIRGINIA

John S.,
**Petitioner Below, Petitioner**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 19-0537** (Fayette County 19-C-4)

**Donnie Ames, Superintendent,
Mt. Olive Correctional Complex,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John S.,[1]  self-represented litigant, appeals the May 29, 2019, order of the Circuit Court of Fayette County denying his third petition for a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2010, petitioner resided with his future wife,[2] his ten-year-old son from a previous relationship, and his wife's nine-year-old niece, N.L., over whom his wife had

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner and his wife married in November of 2010.

1

guardianship. Petitioner was accused of sexually molesting N.L., and the molestation by petitioner began within weeks of him moving into his future wife's home.

On January 9, 2013, petitioner was indicted in the Circuit Court of Fayette County on nine counts of first-degree sexual assault pursuant to West Virginia Code § 61-8B-3, based on acts occurring from June of 2010 through February of 2011; and nine counts of sexual abuse by a parent, guardian, custodian or person in a position of trust pursuant to West Virginia Code § 61-8D-5. Following a jury trial in May of 2013, petitioner was found guilty on all counts. The circuit court subsequently denied petitioner's post-trial motions and sentenced him to an aggregate term of ninety-five to 340 years of incarceration.

Petitioner appealed his convictions, which this Court affirmed in *State v. John S.* ("*John S. I*"), No. 13-0780, 2014 WL 2682873 (W. Va. June 13, 2014) (memorandum decision). In his criminal appeal, petitioner raised the following assignments of error: (1) petitioner's convictions were supported by insufficient evidence; (2) the child victim's testimony was not credible; (3) the West Virginia Rules of Evidence were violated by the circuit court admitting hearsay evidence, including the child victim's letter to her guardian and her written interview answers; and (4) petitioner's trial was unfair because the circuit court failed to disqualify a juror, who was his ex-wife's cousin. *Id.* at *2-5.

On July 15, 2014, petitioner filed a petition for a writ of habeas corpus in the circuit court. Relevant here, petitioner alleged that his trial counsel provided ineffective assistance by failing to retain an expert medical witness for the defense and that his aggregate sentence was unconstitutionally disproportionate to his offenses.[3] By order entered on November 12, 2014, the circuit court found that petitioner's claim of ineffective assistance of trial counsel was factually inaccurate because trial counsel retained an expert medical witness, Dr. Guertin, whose deposition testimony was presented to the jury via video and used by counsel "to impeach and discredit the State's expert." The circuit court further found that petitioner's aggregate sentence of ninety-five to 340 years of incarceration was "in no form or fashion, violative of any statutory or constitutional law," given the fact that through a combination of concurrent and consecutive sentences, the court "impose[d] a less severe sentence than the maximum permitted by law." Petitioner appealed the November 12, 2014, order, which this Court affirmed in *John S. v. Ballard* ("*John S. II*"), No. 14-1184, 2015 WL 5331822 (W. Va. September 11, 2015) (memorandum decision), adopting "the circuit court's well-reasoned findings and conclusions." *Id.* at *3 (Footnote omitted).

On January 7, 2019, petitioner filed a third habeas petition,[4] alleging that trial counsel was ineffective by failing to call the defense expert witness (who resided in Michigan) at trial or

---

[3]The other grounds for habeas relief raised in the July 15, 2014, habeas petition were: (1) double jeopardy; (2) insufficient evidence; (3) erroneous admission of hearsay evidence; (4) improper comments by prosecutor; (5) cumulative error; and (6) actual innocence.

[4]Petitioner filed a second habeas petition on November 24, 2015, which was denied by the circuit court in an order entered on December 1, 2015. Petitioner appealed the December 1, 2015, (continued . . .)

2

introduce the expert's "opinion letter" into evidence. Petitioner further alleged that his aggregate sentence was unconstitutionally disproportionate to his offenses. By order entered on May 29, 2019, the circuit court denied the petition as without merit.

Petitioner appeals the circuit court's May 29, 2019, order. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004).

Syl. Pt. 3, *id.* at 412, 787 S.E.2d at 865.

On appeal, petitioner argues that this Court should reverse the circuit court's order and remand this case for further proceedings. Respondent counters that the circuit court properly denied the petition. We agree with respondent.

Here, the circuit court found the claims raised in the instant petition were the same claims raised by petitioner in the habeas petition in *John S. II*, and, thus, could be denied based on the findings set forth in the November 12, 2014, order denying petitioner's first habeas petition adopted by this Court in *John S. II. See* 2015 WL 5331822, at *3. Accordingly, based on our review of the record, and for the reasons noted by the circuit court in its May 29, 2019, order denying petitioner's instant petition, we find no abuse of discretion and no error.

Having reviewed the circuit court's May 29, 2019, "Order Denying Petition For Writ Of Habeas Corpus," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error. The Clerk is directed to

---

order, which was affirmed by this Court in *John S. v. Terry* ("*John S. III*"), No. 15-1225, 2018 WL 1040354 (W. Va. February 23, 2018) (memorandum decision).

attach a copy of the May 29, 2019, order to this memorandum decision.[5] Accordingly, we conclude that the circuit court's denial of the instant petition did not constitute an abuse of discretion.

For the foregoing reasons, we affirm the circuit court's May 29, 2019, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]Petitioner's middle initial and full last name have been redacted. *See* fn.1.

4

# IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

JOHN S        ,

      Petitioner,

VS.                                                                 Civil Action Number: 19-C-4

DONALD F. AMES, Warden,
Mt. Olive Correctional Complex & Jail,

      Respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

On January 7, 2019, John    S       ("Petitioner") filed a *pro se Petition for Writ of Habeas Corpus* ("Petition") and *Motion for Authorization to Contract an Expert Witness*. The Court has conducted a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Post-Conviction Habeas Corpus Proceedings. After full consideration and review of the Petition; relevant law; complete contents of the Court file in Petitioner's underlying criminal case, Case Number 13-F-83; complete contents of the Court file in in Petitioner's prior habeas corpus cases, Case Number 14-C-193 and Case Number 15-C-316; and all documentation in this Court file, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On January 09, 2013, a Fayette County Grand Jury returned a true bill of indictment, Indictment Number 13-F-83, charging the Petitioner with twenty (20) counts of felony sex crimes.[1]

---

[1] In Indictment Number 13-F-83, Petitioner was charged with the following:
Count One (1), sexual assault in the first degree;
Count Two (2), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Three (3), sexual assault in the first degree;
Count Four (4), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Five (5), sexual assault in the first degree;
Count Six (6), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;

2. Counts One (1) through and including Eighteen (18) of the aforementioned indictment alleged felony sex crimes perpetrated against the minor niece of the Petitioner's wife, who was also said minor's legal guardian at the time of the alleged sexual abuse. Counts Nineteen (19) and Twenty (20) alleged felony sex crimes perpetrated against the Petitioner's biological minor son.

3. On February 12, 2013, the Defendant, by his trial counsel, Assistant Fayette County Public Defender James A. Adkins, filed a *Motion to Sever Counts 19 and 20 from Counts 1 Through 18 for Trial*. Said Motion was granted on April 15, 2013, and an Order was entered April 29, 2013.

4. On May 15, 2013, the Petitioner appeared, with his aforementioned trial counsel, for a two (2) day jury trial. After the State rested its case in chief, the Defendant, out of the jury's presence, orally moved for a judgment of acquittal. Trial, Day One, p. 230-231. After hearing the arguments of counsel for the parties, the Court denied said Motion. Id., p. 232, ¶ 11-23. At the conclusion of the presentation of all evidence, an impartial jury of twelve (12) Fayette County residents found the Petitioner guilty of all the aforementioned felony sex crimes charged in Counts One (1) through and including Eighteen (18) of the Indictment.

5. A Conviction Order was entered May 28, 2013.

---

Count Seven (7), sexual assault in the first degree;
Count Eight (8), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Nine (9), sexual assault in the first degree;
Count Ten (10), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Eleven (11), sexual assault in the first degree;
Count Twelve (12), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child
Count Thirteen (13), sexual assault in the first degree;
Count Fourteen (14), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Fifteen (15), sexual assault in the first degree;
Count Sixteen (16), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Seventeen (17), sexual assault in the first degree;
Count Eighteen (18), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child;
Count Nineteen (19), sexual abuse in the first degree; and
Count Twenty (20), sexual abuse by a parent, guardian, custodian, or person in position of trust to a child.

6. On July 2, 2013, the Defendant, with his trial counsel, appeared for a sentencing hearing. The Court, having reviewed the Presentence Report prepared by a probation officer, and having heard oral statements made by the Defendant, his counsel, and counsel for the State, ordered the following:

a. that the Defendant be sentenced to the West Virginia State Penitentiary system for an indeterminate term of not less than twenty-five (25) years nor more than one hundred (100) years for each of his convictions for the felony crime of sexual assault in the first degree, as charged in Counts One (1), Three (3), Five (5), Seven (7), Nine (9), Eleven (11), Thirteen (13), Fifteen (15), and Seventeen (17) of the Indictment;

b. that the Defendant be sentenced to the West Virginia State Penitentiary system for an indeterminate term of not less than (10) nor more than twenty (20) years for each of his convictions for the felony crime of sexual abuse by a parent, guardian, custodian, or person in position of trust, as charged in Counts Two (2), Four (4), Six (6), Eight (8), Ten (10), Twelve (12), Fourteen (14), Sixteen (16), and Eighteen (18) of the indictment;

c. that the aforementioned sentences imposed as to the crimes in Counts One (1), Three (3), and Five (5) of the Indictment be served consecutively to each other;

d. that the aforementioned sentences imposed as to the crimes in Counts Two (2) and Four (4) of the Indictment be served consecutively with each other and with the crimes in Counts One (1), Three (3), and Five (5);

3

e. that the aforementioned sentences imposed as to the crimes in the remaining counts of the Indictment be served concurrently to each other and with the crimes in Counts One (1) through and including Five (5); and

f. that the Petitioner be denied alternative sentencing, as he was not eligible for probation because of his refusal to undergo a psychiatric evaluation pursuant to West Virginia Code § 62-12-2(e).

7. On September 23, 2013, the Court, pursuant to the State's Motion to Dismiss, entered an Order dismissing felony Counts Nineteen (19) and Twenty (20) of the aforementioned Indictment.

8. On July 2, 2013, the Court entered an Order appointing the Kanawha County Public Defender's Office, Appellate Division, as appellate counsel for the Petitioner in his criminal case.

9. On August 2, 2013, the Defendant, by his appellate counsel, filed a *Notice of Appeal* in the Supreme Court of Appeals of West Virginia.

10. On June 13, 2014, the Supreme Court issued Memorandum Decision No. 13-0780 affirming this Court's rulings as to all matters raised by the Petitioner on appeal.

### Civil Action Number 14-C-193

11. On July 15, 2014, the Petitioner filed, *pro se*, a petition seeking writ of habeas corpus, instituting Civil Action Number 14-C-193. On November 12, 2014, the Court entered an order denying the relief sought in that petition and dismissing the case.

12. The Supreme Court of Appeals of West Virginia, in a September 11, 2015, Memorandum Decision, affirmed this Court's dismissal of the aforementioned habeas petition, and adopted the Court's findings of facts and conclusions of law, making them a part of its

4

Memorandum Decision. John S. v. Ballard, No. 14-1184, 2015 WL 5331822 (W. Va. Sept. 11, 2015).

### Civil Action Number 15-C-316

13. On November 24, 2015, the Petitioner filed, *pro se*, a petition seeking writ of habeas corpus, instituting Civil Action Number 15-C-316. On December 1, 2015, the Court entered an order denying the relief sought in that petition and dismissing the case.

14. The Supreme Court of Appeals of West Virginia, in a February 23, 2018, Memorandum Decision, affirmed this Court's dismissal of the aforementioned habeas petition.

### Subsequent Filings in Underlying Case, Indictment Number 13-F-83

15. On December 27, 2016, Petitioner filed a *Motion for Reconsideration of Sentence* in the underlying case, Indictment Number 13-F-83. That motion was denied by Order entered on January 10, 2017.

16. On February 8, 2017, Petitioner filed a second *Motion for Reconsideration of Sentence* in the underlying case, Indictment Number 13-F-83. That motion was denied by Order entered on May 2, 2017.

17. The Petition initiating this case was filed on January 7, 2019, and raises two (2) grounds for relief that were previously raised and specifically addressed in Petitioner's first habeas case, Civil Action Number 14-C-193.

### CONCLUSIONS OF LAW

18. Jurisdiction and venue are appropriately in the Circuit Court of Fayette County, West Virginia.

19. Rule 4(c) of the Rules Governing Post Conviction Habeas Corpus Proceedings is as follows:

> The petition shall be examined promptly by the judge to whom it is assigned. The court shall prepare and enter an order for summary dismissal of the petition if the contentions in fact or law relied upon in the petition have been previously and finally adjudicated or waived. The court's summary dismissal order shall contain specific findings of fact and conclusions of law as to the manner in which each ground raised in the petition has been previously and finally adjudicated and/or waived. If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal. Rule 4(c).

20. To the extent that any of the Petitioner's grounds for relief raised in his Petition were raised or could have been raised in his failed direct appeals to the Supreme Court of Appeals of West Virginia, said grounds for relief are now considered waived. The West Virginia Code provides that: "For the purposes of this article, a contention or contentions and the grounds in fact or law relied upon in support thereof shall be deemed to have been waived when the petitioner could have advanced, but intelligently and knowingly failed to advance, such contention or contentions and grounds before trial, at trial, or on direct appeal..." W.Va. Code § 53-4A-1(c).

## Ineffective Assistance of Counsel

21. The first ground for relief raised in the Petition alleges that Petitioner's trial counsel was ineffective for failing to subpoena or call the sexual abuse expert witness to testify at trial, or alternately, failing to enter the sexual abuse expert's opinion letter into evidence at trial.[2]

22. Ground One in the petition in Civil Action Number 14-C-193 also alleged that trial counsel's representation of the Petitioner was legally ineffective. Specifically, in that

---

[2] Petitioner divided his ineffective assistance of counsel claim into two (2) subcategories. However, both subcategories are based on counsel's failure to subpoena or call the sexual abuse expert witness at trial or to enter the sexual abuse expert's opinion letter into evidence at trial.

petition, Petitioner argued that his trial counsel "failed to utilize appropriate defense expert witnesses regarding the allegations of the female child victim . . . and therefore, counsel is ineffective in their investigation and preparation for trial." *Petition for Writ of Habeas Corpus Ad-Subjiciendum* in Case No. 14-C-193, p. 5.

23. In the order dismissing Civil Action Number 14-C-193, this Court fully addressed the issue, which is again raised by Petitioner in this case:

> 8. The Petitioner's claim that his trial counsel failed to retain a defense expert witness is completely false. Trial counsel did retain Dr. Stephen Guertin, M.D., as a medical expert witness for the defense. Dr. Guertin, who resides in the State of Michigan, did not give live testimony at trial, but rather the jury was shown a DVD of the deposition testimony of Dr. Guertin. The doctor's testimony was based upon his review of the Dr. Istafan's report.
>
> 9. Dr. Istafan testified for the State that the only abnormality found in her examination of the female minor victim was some evidence of chronic irritation on the "anal cleft." Id., p. 119, ¶ 9-14. Further, the State's expert testified, while sexual abuse was a possible cause of such irritation, that she could not definitively determine if said irritation was caused by sexual abuse, and that "anything that rubbed that area could have caused that finding." Id., p. 119-120. Dr. Guertin testified, having reviewed Dr. Istafan's aforementioned findings, that "(n)ine to one they would be inconsistent with full penile/vaginal intercourse." Guertin Depo., p. 9, ¶ 4-5. Further, as to the anal irritation of the minor victim found by Dr. Istafan, Dr. Guertin testified as follows: "It's hard to believe that that (sic) would be – you could try to make a case that could be from abuse, but it would be incredibly unlikely. It's more likely from the way she sits, what clothing she wears or if she scratches herself there. I mean that's what almost always what it's from." Id., p. 9, ¶ 20-25.
>
> 10. Clearly, based on the foregoing deposition testimony of Dr. Guertin for the Petitioner, it is quite ludicrous for the Petitioner to argue that his trial counsel was ineffective for failing to call an expert witness to impeach or discredit the State's aforementioned expert witness. Defense trial counsel clearly did use an expert in his efforts to impeach and discredit the State's expert.

*Order*, entered November 12, 2014, in Case No. 14-C-193, Paragraphs 8-10, pp. 14-15.

7

24. By Memorandum Decision, issued September 11, 2015, the Supreme Court of Appeals adopted and incorporated this Court's "well-reasoned findings and conclusions", stated above. John S. v. Ballard, No. 14-1184, 2015 WL 5331822, at *3 (W. Va. Sept. 11, 2015).

25. Accordingly, all allegations of ineffective assistance of counsel have been previously and finally adjudicated (see, R. Hab. Corp. 4(c)), and the Petitioner's current request is without any merit.

26. Moreover, Petitioner's claims of ineffective assistance of counsel are without merit under the standard set forth in State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995).

27. In the State of West Virginia, claims of ineffective assistance of counsel are evaluated by the standards set forth in State v. Miller, 194 W. Va. 3, 459 S.E.2d 114 (1995). In Miller, the Supreme Court of Appeals of West Virginia adopted the two-prong test established by the United States Supreme Court's ruling in Strickland v. Washington, which held that a Petitioner must prove that:

> (1) Counsel's performance was deficient under an objective standard of reasonableness; and
>
> (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.

Syl. Pt. 5, State v. Miller, 194 W. Va. 3, 459 S.E.2d 114, citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

28. With respect to the first, performance-prong, the Miller Court offered the additional guidance that:

> [i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-

guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, Id. Quoting Strickland, the West Virginia Supreme Court noted that, in reviewing counsel's performance, a court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Miller, 194 W. Va. at 15, 459 S.E.2d at 126, quoting Strickland, 466 U.S. at 689, 104 S. Ct. at 2065, 90 L.Ed.2d at 694. That presumption was further explained in the Miller opinion, with the Court stating that:

> . . . we always should presume strongly that counsel's performance was reasonable and adequate. A defendant seeking to rebut this strong presumption of effectiveness bears a difficult burden because constitutionally acceptable performance is not defined narrowly and encompasses a 'wide range.' The test of ineffectiveness has little or nothing to do with what the *best* lawyers would have done. Nor is the test even what most good lawyers would have done. We only ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at the time, in fact, worked adequately.

Miller, 194 W. Va. at 16, 459 S.E.2d at 127.

29. Having carefully reviewed Petitioner's claims of ineffective assistance of counsel, the Court finds that the Petitioner's claim that Mr. Adkins' assistance was deficient or ineffective is without merit. As this Court noted and explained in Case Number 14-C-193 (see ¶ 23, above), Mr. Adkins retained a medical expert witness, Dr. Guertin, and admitted a DVD of his deposition testimony at trial, during which Dr. Guertin impeached and discredited the State's expert witness. The decision of whether to call Dr. Guertin, to admit his opinion letter, or to admit his DVD deposition testimony was a strategic choice, and this Court finds that "a reasonable lawyer would have acted, under the circumstances, as [Mr. Adkins] acted in the case at issue." Syl. Pt. 6, Miller, 194 W. Va. 3, 459 S.E.2d 114.

9

30. Significantly, even if, *arguendo*, the Petitioner's counsel had provided ineffective, incompetent assistance, the Petitioner's claim for relief on this basis would nevertheless fail, because the Petitioner suffered no prejudice as a result of any alleged conduct on the part of his counsel. Specifically, after consideration of the first, performance-prong, if it is determined that defense counsel acted incompetently, then it is necessary to address the second prong of the Miller/Strickland test: to determine whether such incompetence resulted in any prejudice to the defendant. See, Syl. Pt. 5, Miller, 194 W. Va. 3, 459 S.E.2d 114. Having reviewed both the deposition testimony of Dr. Guertin, which *was* admitted at trial, and the opinion letter of Dr. Guertin, this Court finds that admission at trial of Dr. Guertin's opinion letter or live testimony would not have resulted in significantly different evidence being presented to or considered by the jury. Accordingly, there is no "reasonable probability" that but for counsel's alleged errors, the results of the proceedings would have been different. Absent any prejudice to the Petitioner as a result of some conduct or omission on the part of his counsel, the Petitioner cannot prevail on his claim for post-conviction relief on the basis of ineffective assistance of counsel.

31. In conclusion, and as previously stated by this Court, "trial counsel's representation of the Petitioner was objectively reasonable, and . . . the Petitioner has identified no errors by his counsel, founded in fact, but for which the results of the jury trial would have been in any way different." *Order,* entered November 12, 2014, in Case No. 14-C-193, Paragraph 28, pp. 22-23.

## Propriety of Sentence

32. The second ground for relief raised in the Petition alleges that the Court's imposition of consecutive sentences violates Petitioner's constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution

and Article III, Section 5 of the West Virginia Constitution. Specifically, Petitioner claims that his sentence is disproportionate to the crime for which it is inflicted.

33. Ground Four in the previous petition in Civil Action Number 14-C-193 also alleged that "the sentences are disproportionate to the underlying facts of this case . . . [and] violated . . . his rights to be free from cruel and unusual punishment, guaranteed by the United States Constitution, the Eight Amendment thereto, and Article III, § 5, 10 and § 14 of the West Virginia Constitution." *Petition for Writ of Habeas Corpus Ad-Subjiciendum* in Case No. 14-C-193, p. 19.

34. In the order dismissing Civil Action No. 14-C-193, this Court fully addressed the issue, which is again raised by Petitioner in this case:

> 33. In "Ground Four (4)," the Petitioner argues that the trial Court abused its discretion by imposing the aforementioned sentences in the manner in which they were imposed. The Petitioner argues that said sentences violate the Eighth Amendment to the United States Constitution and Article III, Sections 5, 10, and 14 of the West Virginia Constitution.
>
> 34. The Supreme Court of Appeals of West Virginia has written the following concerning proportionality of sentences:
> The proportionality of sentences in criminal cases are measured and evaluated under the following standard: In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction. Syl. Pt. 2, State v. Williams, 205 W.Va. 552, 519 S.E.2d 835 (1999).
>
> 35. Further, the Supreme Court has consistently held that sentencing orders are given great deference, "unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, State v. Lucas, 201 W.Va. 271, 496 S.E.2d 221 (1997). The Sentencing Order in the Petitioner's case is, in no form or fashion, violative of any statutory or constitutional law. Further, by imposing concurrent, rather than consecutive, sentences as to thirteen (13) of the Petitioner's eighteen (18) felony convictions, the trial Court elected to impose a less severe sentence than the maximum

11

permitted by law. Clearly, "Ground Four (4)" of the Petition is without merit.

*Order,* entered November 12, 2014, in Case No. 14-C-193, Paragraphs 33-35, pp. 24-25.

35. By Memorandum Decision, issued September 11, 2015, the Supreme Court of Appeals adopted and incorporated this Court's "well-reasoned findings and conclusions", stated above. John S. v. Ballard, No. 14-1184, 2015 WL 5331822, at *3 (W. Va. Sept. 11, 2015).

36. Accordingly, Petitioner's allegations regarding the propriety of his sentence have been previously and finally adjudicated (*see,* R. Hab. Corp. 4(c)), and the Petitioner's current request is without any merit.

37. In addition to the Court's legal conclusion in the final *Order* entered in Case Number 14-C-193, the Court further concludes that the sentence herein is not unconstitutionally disproportionate. An impartial jury of twelve (12) Fayette County residents found the Petitioner guilty of eighteen (18) counts of felony sex crimes involving a nine (9) year old child. The sentence imposed on the Petitioner was based on the statutory sentences for each of those eighteen (18) crimes,[3] which all could have been run consecutively. See, W. Va. Code § 61-11-21. However, the Court, instead, chose to run thirteen (13) of the eighteen (18) sentences concurrently. The statutory sentences imposed by the Court are in no way disproportionate to the crimes for which the Defendant was convicted.

38. Both issues raised in the Petition were previously and finally adjudicated in the post-conviction habeas corpus proceeding in Case Number 14-C-193, and the West Virginia

---

[3] Pursuant to West Virginia Code Section 61-8B-3(c), the sentence for "Sexual Assault in the First Degree", as charged in Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen and Nineteen is imprisonment in a state correctional facility for not less than twenty-five (25) nor more than one hundred (100) years, and a fine of not less than $5,000.00 nor more than $25,000.00. Pursuant to West Virginia Code Section 61-8D-5(a), the sentence for "Sexual Abuse by a Parent Guardian, Custodian or Person in Position of Trust to a Child", as charged in Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty is imprisonment in a correctional facility not less than ten (10) nor more than twenty (20) years, or fined not less than $500.00 nor more

12

Supreme Court of Appeals affirmed that adjudication on September 11, 2015. <u>John S. v. Ballard</u>, No. 14-1184, 2015 WL 5331822, at *3 (W. Va. Sept. 11, 2015).

39. Finally, the Supreme Court of Appeals of West Virginia has held, as to the appointment of counsel in habeas corpus proceedings, the following:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits, or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1 *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

40. As Petitioner's claims herein are properly dismissed on summary review, pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings, the Petitioner is not entitled to appointment of counsel under Rule 6 of the Rules Governing Post-Conviction Habeas Corpus Proceedings and is not entitled to retain an expert with respect to the claims dismissed herein.

41. Therefore, the Court concludes as a matter of law that all allegations have been previously and finally adjudicated (*see*, R. Hab. Corp. 4(c); W. Va. Code § 53-4A-1(b)), the Petitioner's current request is without any merit, Petitioner is not entitled to appointment of counsel, and the Court summarily dismisses Petitioner's request.

Therefore, the Court finds that the petitioner is not entitled to any relief and the request for a writ of habeas is **DENIED** and this case is **DISMISSED** from the docket of this Court.

It is further **ORDERED** that the related *Motion for Authorization to Contract an Expert Witness in Support of Ineffective Assistance of Counsel Claims and for Expert Fees and*

---

than $5,000.00 and imprisoned in a correctional facility not less than ten (10) nor more than twenty (20) years. Defendant was properly sentenced in accordance with these statutes.

*Expenses to be Paid by the Public Defender Services, Pursuant to W. Va. Code § 29-21-13(A)* is

hereby **DENIED**.

It is further **ORDERED** that the Clerk of the Circuit Court shall send certified copies of

this order to the following persons:

John    S      , OIC #3522857                    Larry E. Harrah, III
Mt. Olive Correctional Complex                   Fayette County Prosecuting Attorney
1 Mountainside Way                               108 E. Maple Ave.
Mt. Olive, WV  25185                             Fayetteville, WV  25840


**ENTERED this 29th day of May, 2019.**

_____
THOMAS H. EWING, JUDGE

A TRUE COPY of an order entered
May 29, 2019
Teste: _Cathy L. Garrett_
Circuit Clerk Fayette County, WV

14